### VAN RIEMPST v. WEIHER.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

INJUNCTION (§ 26*)—PROSECUTION OF ACTION.

    Where a tenant sued to cancel the lease, claiming it was induced by fraud, and alleged facts which, if established, might entitle him to a cancellation, he was entitled to have an action brought by the landlord in the Municipal Court for rent stayed until determination of the action for cancellation.

    [Ed. Note.—For other cases, see Injunction, Dec. Dig. § 26.*]

    Clarke and Scott, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Theodore S. Van Riempst against Lorenz Weiher. From an order denying a temporary injunction, plaintiff appeals. Reversed, and motion granted, upon condition that an undertaking, to be approved by a justice of the Supreme Court, be given.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Allan R. Campbell, for appellant.
Joab H. Banton, for respondent.

HOUGHTON, J. The action is brought to rescind and cancel a lease which the plaintiff claims he was induced to enter into through the fraud of the defendant. On discovery of the fraud the plaintiff vacated the premises, and the defendant brought action in the Municipal Court for installments of rent. The plaintiff moved at Special Term to enjoin the prosecution of such action for rent until the determination of this action for cancellation of the lease, and tendered

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

an undertaking to pay any judgment ultimately recovered in the Municipal Court. Such injunction was refused, and we think improperly.

While it is true that this plaintiff, as defendant in the action for rent in the Municipal Court, could set up the defense of fraud, complete relief could not be given him in that court. The Municipal Court would have no jurisdiction to declare the lease void and order its cancellation. The plaintiff sets forth facts in his complaint which, if satisfactorily established, may entitle him to a cancellation of the lease. If the lease shall be declared void, such a decree would end all controversy. Although a judgment in the Municipal Court in favor of the present plaintiff might be a bar to the recovery of future installments of rent, it would not prevent the bringing of actions thereafter in which such defense must be pleaded. Inasmuch as the present action will determine the entire controversy between the parties, we are of the opinion that the Municipal Court action for rent should be stayed until the determination of the present action. The plaintiff, however, should give a proper undertaking, conditioned, in case he shall not be successful in obtaining a cancellation of the lease, to pay all rent due or to become due thereon.

On the giving of such an undertaking, to be approved by a justice of the Supreme Court, the order appealed from is reversed, with $10 costs and disbursements, and the motion for an injunction, staying the prosecution of the Municipal Court actions, granted, without costs.

INGRAHAM and LAUGHLIN, JJ., concur.

CLARKE, J. I dissent. The allegations of fraud in the making of the lease, if sustained, would be a complete defense in the action for rent. There is, therefore, no necessity for an action in equity to procure the cancellation of the lease. If a dissatisfied tenant is entitled to enjoin the prosecution of an action for rent, an unnecessary and intolerable burden will be imposed upon property holders in this city.

The order appealed from should be affirmed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs.

SCOTT, J., concurs.