EDWARD D. LOUGHMAN, Appellant, *v.* CHARLOTTE H. LILLIEN-
DAHL, Respondent.

First Department, April 1, 1921.

Landlord and tenant — possessory remedies — injunction granted
to restrain summary proceedings pending suit for specific per-
formance of an agreement to renew lease — adequate remedy could
not be afforded plaintiff in summary proceedings in Municipal
Court of City of New York — summary proceedings tried after
denial of injunction — injunction order not issued on appeal —
leave to apply for injunction if judgment in summary proceedings
reversed.

Summary proceedings instituted in the Municipal Court of the City of
New York to dispossess the plaintiff at the termination of the lease will
be restrained in a suit by the plaintiff to compel specific performance
of an agreement to renew the lease, for while plaintiff could defend the
summary proceedings on the ground on which he claims to be entitled
to equitable relief in this action, the Municipal Court was without juris-
diction to require the defendant herein to execute a renewal or extension
of the lease and, therefore, plaintiff had no adequate remedy.

As it was claimed that the injunction was sought for delay, the motion
therefor should have been granted on condition that the plaintiff, at the
election of the defendant, stipulate for a reference and immediate trial.

The issues in the summary proceeding having been tried and decided in
favor of the defendant herein after plaintiff's motion for an injunction
was denied, it is too late to enjoin the summary proceeding in its present
status, but the defendant is entitled to have the order denying his motion
for an injunction reversed and to recover costs and disbursements of
the trial and the costs of the motion for the injunction.

The injunction order may be hereafter issued only upon the application of
the plaintiff, which may be *ex parte*, on proof that the final order in
summary proceedings has been reversed or vacated, and upon plaintiff's
filing a stipulation for a reference and immediate trial.

APPEAL by the plaintiff, Edward D. Loughman, from an
order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 21st day of January, 1921, denying plain-
tiff's motion for an injunction *pendente lite* from prosecuting
a summary proceeding instituted in the Municipal Court of
the City of New York, Seventh District, Borough of Man-
hattan, for the removal of the plaintiff from certain premises
as a holdover tenant.

*James S. Darcy* of counsel [*Loughman & Bailey*, attorneys], for the appellant.

*Joseph R. Swan* of counsel [*Swan, Moore & Danforth*, attorneys], for the respondent.

LAUGHLIN, J.:

This action is for the specific performance of an agreement contained in a written lease executed by the parties on the 16th day of October, 1917, whereby the defendant, as landlord, agreed to renew the lease, which was of a private one-family house, known as 630 West One Hundred and Fifty-eighth street, for a period of from one to five years from November 1, 1918, at the election of the plaintiff. The plaintiff alleges that he duly exercised his option for the renewal of the lease for the period of three years; but that the defendant has failed and refused to execute a renewal lease for that period, although due demand therefor has been made, and that the defendant claims that the plaintiff's right to occupy the premises will expire on the 31st of October, 1920, and is offering the premises for sale and threatens to remove the plaintiff therefrom.

The relief demanded is the execution of the renewal or the extension of the lease and an injunction *pendente lite* against dispossess proceedings or an ejectment action. The action was commenced on or about the 2d of July, 1920. On the 4th of January, 1921, the defendant instituted the summary proceeding for the removal of the plaintiff on the ground that he was holding over after the expiration of his term, and in order to comply with the requirements of chapter 942 of the Laws of 1920 (adding to Code Civ. Proc. § 2231, subd. 1-a), it was further alleged in the petition that the landlord was desirous in good faith of obtaining possession of the premises for immediate personal occupation as a dwelling by herself and her family. The plaintiff thereupon applied for a temporary injunction restraining the prosecution of the summary proceeding pending the trial and decision of the issues herein. He could defend against the summary proceeding on the ground on which he claims to be entitled to equitable relief in this action; but the Municipal Court was without jurisdiction to require the defendant to execute a renewal or extension of the lease. Since the Municipal Court

could not afford the plaintiff adequate relief, the summary proceeding should have been enjoined, and the plaintiff should have been protected against a dispossess proceeding or an ejectment action pending the trial and decision of the issues herein, upon the determination of which his right to a renewal or extension of the lease depends. (*Rodgers* v. *Earle*, 5 Misc. Rep. 164; *Van Reimpst* v. *Weiher*, 131 App. Div. 824; *Becker* v. *Church*, 115 N. Y. 562; *Metropolitan Trust Co.* v. *Stallo, No. 1*, 166 App. Div. 639; High Inj. [4th ed.] §§ 48, 49; *Smith* v. *First National Bank*, 151 App. Div. 317; *Graham* v. *James*, 7 Robt. 468; *Crawford* v. *Kastner*, 26 Hun, 440.) It is further to be observed that the summary proceeding might be unsuccessful through the failure of the landlord to show a compliance with the provisions of said chapter 942, and in that event there would be no determination of the issue with respect to the agreement for a renewal. It thus appears that in any event it would be necessary for the plaintiff, even if successful in defending against the summary proceeding, to obtain the complete relief to which he claims to be entitled, to have the issues herein tried. Doubtless the court was led to deny the motion by an affidavit charging that the order was sought for delay; but we think the motion should have been granted on condition that the plaintiff at the election of the defendant stipulate for a reference and immediate trial.

It appears by the papers on a motion made in behalf of the respondent returnable at the time the appeal was argued, that since the denial of the motion for an injunction issue was joined in the summary proceeding and the issues were tried and decided in favor of the respondent, and that the appellant herein has appealed therefrom to the Appellate Term, it is, therefore, now too late to enjoin the summary proceeding in its present status. The Code of Civil Procedure (§ 2262) provides a remedy for a stay of the execution of the warrant in the summary proceeding pending the plaintiff's appeal from the final order therein. If, however, the final order in the summary proceeding should be reversed or set aside and a new hearing should be ordered, the plaintiff, for the reasons already assigned, would then become entitled to a stay of further steps in the summary proceeding. The plaintiff was entitled

First Department, April, 1921.                    [Vol. 195.

to the stay when he applied therefor, and, therefore, notwithstanding these proceedings in the interim which may seriously embarrass him, he is entitled to have the order reversed and to recover the costs and disbursements of the appeal and the costs of the motion for the injunction. But owing to the fact that the summary proceeding has been heard and decided, an injunction order will not be issued at the present time. The order is, therefore, reversed, with ten dollars costs and disbursements, and motion for an injunction granted, with ten dollars costs. Issuance of the injunction order, however, is suspended and will be issued only upon application of the plaintiff, which may be *ex parte*, on proof that the final order has been reversed or vacated, and upon plaintiff's filing a stipulation for a reference and immediate trial.

DOWLING, SMITH, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; injunction to be issued only on application of plaintiff, which may be *ex parte*, on proof that final order has been reversed or vacated, and on plaintiff's filing stipulation for a reference and immediate trial. Settle order on notice.