SMITH G. HORTON and WILLIAM J. CATLIN, Plaintiffs,
*v.* GEORGE C. ROY, Defendant.

(Supreme Court, Monroe Special Term, November, 1921.)

Summary proceedings — justice of the peace — equity — when injunction pendente lite will be vacated — Code Civ. Pro., § 2244.

By the amendment in 1893 to section 2244 of the Code of Civil Procedure, a justice of the peace was empowered, in a case where equitable rights were pleaded as an answer in summary proceedings and proved, to deny the sought for eviction and dismiss the proceedings, but an affirmative recovery based upon such equities so pleaded, is still beyond his jurisdiction to grant and must be sought for elsewhere.

The defendant purchased a store building which for many years has been occupied as a place of business by plaintiffs and their predecessors, and asserting plaintiffs to be tenants from month to month, defendant instituted summary proceedings before a justice of the peace to oust them from the premises, in which proceeding plaintiffs appeared and answered. In an action in equity brought upon allegations that plaintiffs hold possession of the premises as assignees of a five-year lease having nearly four years yet to run but which one of their assignors, without consideration and without plaintiff's knowledge or consent, surrendered to the landlord, defendant's grantor, the relief demanded was that the lease be adjudged in

full force and effect and that plaintiffs, as assignees thereof, be declared entitled to hold the premises until the expiration of the term stated in the lease. *Held*, that a motion to vacate an injunction *pendente lite* will be granted on the ground that the same was improvidently granted.

MOTION to vacate temporary injunction.

James O. Sebring and Horace B. Exner, for plaintiffs.

Alfred S. Armstrong and Charles P. Williams, for defendant.

SAWYER, J.  Defendant, a competitor with plaintiffs in business, bought from its owner the store building they and their predecessors have for many years occupied, and asserting them to be tenants from month to month has instituted summary proceedings before a justice of the peace to remove them therefrom. Plaintiffs appeared in that proceeding and answered; they now bring this action in equity, alleging that they hold possession of the premises in question as assignees of a five-year lease, having nearly four years yet to run, but which was by one of their assignors, without consideration and without their knowledge or consent, surrendered to the landlord, defendant's grantor. The complaint demands, in substance,

*First.* That the said lease be adjudged in full force and effect.

*Second.* That the plaintiffs, as assignees thereof, be declared entitled to hold the premises until the expiration of its stipulated term.

*Third.* That a temporary injunction pending the action and a permanent injunction, as part of the relief sought, be granted plaintiffs, such injunctions to forbid defendants interfering with their occupancy. The same facts set out in this complaint were inter-

posed by plaintiffs in their answer to the summary proceeding; both in that proceeding and here defendant insists that he made his purchase upon plaintiffs' personal assurance that they were not in possession otherwise than as the tenants from month to month, and that they are therefore estopped from claiming under the term mentioned. This is denied by plaintiffs.

Section 2265 of the Code of Civil Procedure, in force when the summary proceeding was instituted, provides that when once begun such proceedings "cannot be stayed or suspended by any court or judge," except in event of contingencies not here involved.

Notwithstanding the mandatory terms of this section the equity side of the court before 1893 consistently interfered by way of injunction in such proceedings when it appeared there were equitable defenses thereto which were outside the jurisdiction of a justice of the peace to pass upon. This was, of course, based on the theory that a remedial statute should not be used as a means to perpetrate a wrong. There are in the books many reported cases where such interference has been had, only one of which it is needful at this time to cite. *Becker* v. *Church,* 115 N. Y. 562.

In that year, however, by an amendment to section 2244 of the Code, the legislature vested inferior courts having jurisdiction of such proceedings with power to consider and decide in connection therewith any facts which might constitute "a legal or equitable defense or counterclaim." The intention of this amendment, extending the jurisdiction of justices of the peace, undoubtedly was to put an end to the practice of interference with such proceedings by the Supreme Court, and was an endeavor to assure therein a speedy determination of disputes between landlords and tenants. But it must be observed that in so changing the practice theretofore existing, the legislature limited

the extension of jurisdiction to cases where equitable considerations were interposed as a defense or counterclaim only. In other words, a justice of the peace was thereby empowered to, in a case where equitable rights were pleaded as an answer, and proved, deny the sought for eviction, and dismiss the proceedings. Beyond this he still could not and cannot go, and an affirmative recovery based upon such equities so pleaded is still beyond his jurisdiction to grant, and must be sought for elsewhere. Recognizing this distinction, the equity side of the court has since the amendment of 1893 in cases where it appeared that the defending party was entitled to something beyond a mere dismissal of a petition in a summary proceeding, continued to interpose and assert its power to prevent injustice being done under the guise of law. *Murray* v. *Sweasy,* 31 Misc. Rep. 603; *Loughman* v. *Lilliendahl,* 195 App. Div. 867.

The plaintiffs came into court resting their case upon this theory, *i. e.,* that they can have no adequate remedy before the justice of the peace, and they must stand or fall upon the correctness of that proposition. The summary proceeding was based upon the allegation that plaintiffs herein are tenants from month to month. This they deny, and allege that they are holding as assignees of and under a lease for five years from April 26, 1920. A justice of the peace may, of course, determine which of those allegations is in fact true, and I have no doubt but that he, in the determination of that question, may consider not only a paper actually presented for his inspection, but as well one whose validity and subsisting nature depends upon facts showing its making, delivery, and subsequent loss or wrongful destruction. More tersely stated, a justice of the peace is empowered in these proceedings to determine whether the question of land-

lord and tenant exists, and if so, just what that tenancy is. He may do this upon any evidential facts which would be competent in any court of justice. If, therefore, it be determined in the summary proceeding defendant began that these plaintiffs are in possession under a lease for years, even though the lease itself is lost or destroyed, the petition against them must necessarily be dismissed and their possession of the premises as tenants established; in that event their rights would be as fully protected as could be done by this court. The same observations are true concerning this defendant's claim that plaintiffs are estopped from denying a holding from month to month. No authority of which I have knowledge prevents the adducing before a justice of the peace of evidence of plaintiffs' statement as to the kind of tenancy under which they held nor prevents him, if he finds the evidence to be true, from giving it the same effect that it would have in any other court.

That a permanent injunction is demanded is not overlooked, but it is clear that such demand is not of itself one for that class of affirmative relief which avoids the prohibition of section 2265. Otherwise, the section could always be defeated by an action in equity to enjoin a landlord from enforcing by summary proceedings his rights against his tenants. If there were a succession of such proceedings brought without prospect of success, and apparently only to annoy, a different question, and one not here, would be presented, and possibly a different result reached, but that is not now considered.

My view of this case leads me, as above indicated, to believe that the temporary injunction herein was improvidently granted and must be vacated.

Motion granted, with ten dollars costs.