DAVID WERTH et al., Respondents, v. DAVID GORDON et al., Appellants.

First Department, December 20, 1945.

*Louis L. Tetelman* of counsel (*Tetelman & Tetelman,* attorneys), for appellants.

*Charles H. Wald* of counsel (*Paul N. Pfeiffer* with him on the brief; *Pfeiffer & Crames,* attorneys), for respondents.

PECK, J. Defendants appeal from an order of Special Term restraining them, during the pendency of this action, from prosecuting summary proceedings in the Municipal Court pending the determination by the United States Emergency Court of Appeals of plaintiffs' appeal from an order of the Administrator of the Office of Price Administration.

Plaintiffs are tenants in 55 Central Park West and the defendants, pursuant to a co-operative plan, have acquired proprietary leases of the apartments occupied by plaintiffs. Defendants applied to the Office of Price Administration for a certificate authorizing them to pursue their remedy at local law to evict plaintiffs, and have procured such a certificate from the administrator in Washington, D. C. Plaintiffs filed a protest with the administrator, which protest has been dismissed, and plaintiffs have appealed to the United States Emergency Court of Appeals from the administrator's dismissal of their protest. Pursuant to the administrator's certificate, and with the appeal pending from his order, defendants have instituted a proceeding in the Municipal Court of the City of New York to dispossess the plaintiffs.

This Supreme Court action is to stay the dispossess proceeding pending the determination by the United States Emergency Court of Appeals of plaintiffs' appeal from the order of the administrator. The complaint recites that neither the Municipal Court nor the Emergency Court of Appeals has the power to adjourn or stay the dispossess proceedings, with the result that plaintiffs may be evicted before the Emergency Court of Appeals renders its decision, and if the administrator is reversed, plaintiffs may be irreparably damaged. Plaintiffs asked for and obtained a temporary injunction against the prosecution of the dispossess proceedings in the Municipal Court.

We appreciate the prompting with which Special Term sought to preserve plaintiffs' housing status pending a final determination of their rights in the Emergency Court of Appeals. We are constrained to hold, however, that the complaint does not state a cause of action and that the granting of an injunction was not in keeping with OPA law or necessary.

Section 4 of the Civil Practice Act defines a civil " action " as a prosecution in a court of justice by a party against another party for the enforcement or protection of a right, or for the redress or prevention of a wrong. It is the essence of a cause of action, therefore, that the plaintiff show that he has some right which the court may enforce or protect, or that the defendant has committed or is about to commit some wrong which the court may redress or prevent. Every action must be bottomed upon the allegation of such a right or wrong. The complaint here fails to show any right in the plaintiffs or any wrong on the part of the defendants. The plaintiffs have pleaded no rights in the apartments in question and no wrong in the defend-

ants' taking action in the Municipal Court to gain possession of the apartments. On the contrary, it is perfectly clear that by the adjudication of the only agency authorized to pass upon the issue between the parties, the plaintiffs have no rights to the apartments and the defendants, in pursuing their remedy in the Municipal Court, are only following the certificate of authority.

Being unable to show any rights in themselves or wrong on the part of the defendants, plaintiffs have instituted this action in a court where none of the proceedings relating to the property in issue have been or could be brought, for the sole purpose of staying proceedings in another court pending plaintiffs' attempt to establish rights in still another court. Such a complaint does not state a cause of action.

Cases cited by plaintiffs, like *van Reimpst* v. *Weiher* (131 App. Div. 824) and *Loughman* v. *Lilliendahl* (195 App. Div. 867), were actions brought in the Supreme Court by tenants to cancel or compel a renewal of leases, and in connection with such actions the court granted stays against the landlords' proceeding in the Municipal Court to collect rent or dispossess the tenants. Undoubtedly such authority to grant stays of proceedings in other courts exists to protect a decree or jurisdiction of the Supreme Court in relation to some property or subject of which the court has taken jurisdiction. There is no jurisdiction in the court, however, to entertain an action for a stay or to stay proceedings in another court in relation to a subject with which the Supreme Court is in no way concerned either actually or prospectively. The Supreme Court here had no concern and could have no concern with the OPA dispute between the parties and it was not the permissible function of the court to grant an injunction in aid of plaintiffs' proceeding before the Emergency Court of Appeals.

Also, a stay of proceedings pending an appeal to the Emergency Court of Appeals seems to be contrary to the policy of the OPA legislation. The law specifically denies to that court the power to issue any restraining order (Emergency Price Control Act of 1942, § 204, subd. [c]; U. S. Code, tit. 50, Appendix, § 924, subd. [c]). We do not think, therefore, that the Supreme Court should exercise a power in aid of the jurisdiction of the Emergency Court of Appeals which has been specifically denied to that court under the law creating it. We might add that it is even doubtful that the plaintiffs have any standing before the Emergency Court of Appeals. Under the OPA legislation

the only person who may appeal to the Emergency Court of Appeals is one who is aggrieved by the denial of his protest by the administrator, and the only person who may file a protest with the administrator is one who is " subject to any provision " of a regulation or order of the OPA (Emergency Price Control Act of 1942, § 203, subd. [a]; U. S. Code, tit. 50, Appendix, § 923, subd. [a]). As the landlord, rather than the tenant, is subject to the provisions of the OPA, the plaintiffs would appear not to have any standing to protest the administrator's order or appeal to the Emergency Court of Appeals.

Finally, the plaintiffs are not dependent upon the intervention of the Supreme Court to protect them against eviction pending the prosecution of their appeal to the Emergency Court of Appeals. Section 1436-a of the Civil Practice Act gives the Municipal Court authority to stay the issuance of a warrant of dispossess for a period of six months. True, such a stay comes only after an order has been granted, which plaintiffs have sought to avoid by this action, but they are prejudiced not by the order but by the issuance of a warrant. Six months should be ample time for them to secure a final determination of their appeal by the Emergency Court of Appeals. There is adequate power, therefore, in the court to whose proceedings the plaintiffs have been subjected to afford them any necessary protection.

The order of Special Term should, therefore, be reversed, with $20 costs and disbursements, and the motion denied.

MARTIN, P. J., TOWNLEY, CALLAHAN and WASSERVOGEL, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion denied. Settle order on .notice. [See *post,* p. 753.]