In the Matter of the Arbitration between ASSOCIATION OF UPTOWN CONVERTERS, INC., Petitioner, and WHOLESALE & WAREHOUSE WORKERS UNION, LOCAL 65, CIO, et al., Respondents.

Supreme Court, Special Term, New York County, December 18, 1947.

*Weil, Gotschal & Manges,* for petitioner.

*Neuberger, Shapiro, Rabinowitz & Bondin* for respondents.

PECORA, J.  Application is made for an injunction staying any further action in connection with the designation of employer representatives to administer a security fund to which employers in contractual relations with Wholesale & Warehouse Workers Union, Local 65 (hereinafter called the Union) contribute a certain percentage of wages paid to workers for the purpose of providing sickness, insurance, hospitalization benefits, life insurance and other similar benefits.  The passage of the Labor Management Relations Act, 1947 (Public Law 101, 80th Cong., 1st Sess.), known as the Taft-Hartley Law, on June 22, 1947, created a problem in regard to employee and employer representatives for administering the Security Fund.  Under subdivision (c) of section 302 of the act it is provided that no payments shall be made by employers to a union unless such payments are received into a trust fund for the exclusive benefit of employees and only if employees and employers are equally represented in the administration of such fund.  The law does not provide for any particular number of representatives nor the method by which they shall be chosen.

The trustees of the security plan in existence in this industry devised a method for the election by secret ballot of employer representatives from candidates nominated by employers.  The petitioner association of employers is evidently dissatisfied with the method promulgated by the trustees of the plan for the nomination and election of employer representatives.  On November 26, 1947, the petitioner, pursuant to the terms of its collective agreement with the Union, demanded arbitration of the issue whether the Union breached its agreement with the association by prescribing the plan for the designation of employer representatives to administer the security fund.  Ballots voting for employer representatives are to be received until Wednesday, December 17, 1947, and they will be counted on Saturday, December 20, 1947.

Petitioner seeks to enjoin any further action until the arbitration is completed. The application must be denied. In the first place, there is no warrant in law for the procedure adopted. This motion is entitled " In the matter of the Arbitration between " the association and the Union. No summons and complaint has been served, and no action is pending in this court under which a provisional remedy is sought. There is no provision in article 84 of the Civil Practice Act, dealing with arbitration, which would permit a court in a special proceeding to restrain any party from doing any acts in connection with the subject matter of a pending arbitration. Section 1451 merely confers power to stay an action or proceeding that may be brought in court upon any issue otherwise referable to arbitration under a contract or submission. This is a far cry from staying any act which a party to an arbitration claims may render an award of arbitrators ineffectual. The question of whether an action for that purpose could be brought is not presented here since no action was commenced. However, under the decision of *Werth* v. *Gordon* (270 App. Div. 255) it is doubtful whether even an action for an injunction would lie under such circumstances. Consequently, I conclude that from a jurisdictional standpoint the application must be denied.

Furthermore, if power existed, the facts here would not present a proper occasion for its exercise. Apart from the question of the movant's laches in permitting the election to proceed so far before making this application, I cannot see how any irreparable injury will result if the vote is permitted to be counted on Saturday. The arbitration will presumably be heard in the next few weeks. If petitioner is unsuccessful in that arbitration, then certainly no harm has been done in permitting the election to proceed. If successful in the arbitration, petitioner will not be unduly prejudiced by the counting of the ballots. All that will happen then will be that a new method will be chosen to elect employer representatives for the Security Plan. Thus on the merits, as well, movant is not entitled to the relief sought. Motion is in all respects denied. Settle order.