SHIRLEY ZIMMERMAN, Appellant, *v.* LESTER ZIMMERMAN, Respondent.

DORE, J. (dissenting). Plaintiff appeals from an order (1) denying plaintiff's motion to enjoin defendant from seeking a divorce in Ormsby County, Nevada, or any other county of that State; and (2) granting defendant's cross motion vacating service of the papers on plaintiff's motion on one Kleeblatt, attorney for defendant appearing specially. The sole ground on which plaintiff's motion was denied was the lack of jurisdiction of defendant husband.

On this record I think the court had jurisdiction. Defendant had appeared generally in the action when the original injunction decree was procured and indeed consented to the entry of that injunction on September 23, 1949. A temporary injunction previously had been granted enjoining defendant from prosecuting an action he had instituted in the State of Nevada, County of Washoe " or in any other state except the state of New York." This court (275 App. Div. 696) modified by striking out the quoted words. By inference any " other " State necessarily means any State other than Nevada, and therefore that modification did not exclude Nevada from the scope of the restraint. Thereafter defendant sued in another Nevada county, Ormsby County, and plaintiff's present motion was to extend the injunction so as to restrain the action in Ormsby County or in any other county in Nevada.

Defendant's second Nevada action was obviously to circumvent the order of our Supreme Court which then clearly had jurisdiction of the action and of the parties. In that state of facts, at least where an injunction which necessarily

refers to the future is concerned, a court of equity has inherent power to specify another county in the same State to prevent defendant from circumventing by a maneuver the court's restraint (*Enterprise Window Cleaning Co.* v. *Slowuta,* 273 App. Div. 662, 665 [1st **Dept.**, 1948], affd. 299 N. Y. 286).

Plaintiff's attorney in an affidavit filed **after** Kleeblatt's affidavit, gave Kleeblatt an opportunity to deny that he is **still the** attorney for defendant and, specifically, to deny that it was he **who, on** the 5th day of October, 1951, arranged for service upon plaintiff here of the summons and complaint in the Ormsby County divorce action. Despite this opportunity, Kleeblatt failed to serve any supplemental affidavit and meet that challenge. Accordingly he admits the facts alleged. Indeed he had admitted these facts in an affidavit dated October 29, 1951, submitted to this court in opposition to appellant's motion for a stay. Nowhere does he claim definitive termination of the general relationship of attorney and client between himself and defendant.

The relief presently requested is of the same kind as that originally sought in the action and the case relied on by Special Term (*Duckworth* v. *Duckworth,* 200 Misc. 10) has no application. Appellant wife is as much entitled to an injunction in the second Nevada action as she was to such relief in the first.

Plaintiff's supplemental brief says that plaintiff's counsel by a telephone conversation with an attorney in Ormsby County, Nevada, learned that defendant on November 6, 1951, had obtained a divorce in the action pending in that county, the prosecution of which action is here sought to be enjoined. This defendant did, in spite of the fact that on October 26, 1951, in an order to show cause signed by the Presiding Justice of this court, the court stayed defendant's further prosecution of the Ormsby action pending determination of a motion for a stay. That order to show cause was served on Kleeblatt in New York and a copy was sent by registered mail to defendant's Nevada attorney. Assuming the facts to be as plaintiff's counsel says, they do not render this appeal moot. (*Loughman* v. *Lilliendahl,* 195 App. Div. 867 [1st Dept.].) We are not now faced with the problem of what injunction or other relief should be granted. Special Term never reached that point because it held the court had no jurisdiction to inquire. The only issue before us is whether the court had jurisdiction. On the facts disclosed we should hold that the court does have jurisdiction, reverse the order granting defendant's cross motion to set aside the service of the plaintiff's motion papers and grant plaintiff's motion to the extent of referring for a trial or hearing the issues of fact including the issue of defendant's real residence at the relevant times involved; meantime determination of plaintiff's motion should be held in abeyance. When the facts have been determined after a trial or hearing, the court of equity may then mold its relief as the events may shape its need (*United States* v. *Swift & Co.,* 286 U. S. 106, 114, 115).

I dissent and vote to reverse and grant the relief hereinabove indicated.

Peck, P. J., Glennon, Cohn and Van Voorhis, JJ., concur in decision; Dore, J., dissents and votes to reverse and grant the relief indicated in his dissenting opinion.

Order affirmed. No opinion. [See *post,* p. 789.]