Matthias, J.
 

 The question here presented arises under the provisions of the Federal Constitution, Article IY, Section 1, requiring that “Full Faith and Credit shall be given in each State to the public acts, records, and judicial Proceedings of every other State,” the specific question being whether
 
 *561
 
 an order for alimony to be paid in future installments, entered by a Kentucky court, is within the protection of the full faith and credit clause of the United States Constitution and may be enforced in this state.
 

 It is contended that the right to demand and receive alimony ordered to be paid in installments is so discretionary with the court under the law of Kentucky that no absolute or vested right is acquired, even though no application to annul or modify the decree had been made, and that under such circumstances the order is not entitled to full faith and credit and will not be enforced by the courts of another state.
 

 It is well settled that judgments rendered by courts of sister states are entitled to the same faith and credit in every state as in the state where rendered, so that they are valid and conclusive in other states accordingly as they are or are not valid and conclusive in the state of their rendition. 34 Corpus Juris, 1126. Yet there has been much confusion, and contrariety of opinion, upon the question whether a decree for alimony, payable in installments, is such a judgment as may be enforced in another state under the full faith and credit clause of the Federal Constitution. In some of the cases cited no divorce was granted, and the alimony awarded was shown on the face of the decree to be temporary only and clearly subject to further consideration and action of the court.
 

 It must be observed that the award for alimony and maintenance of children in the action here under review was made in connection with a decree for divorce. As well suggested in 1 Ruling Case
 
 *562
 
 Law, 959, Section 102, some of the confusion of decisions has resulted from an erroneous interpretation of the decision of the Supreme Court of the United States in the case of
 
 Lynde
 
 v.
 
 Lynde,
 
 181 U. S., 183, 21 S. Ct., 555, 45 L. Ed., 810, and from regarding that decision as having overruled the decision in the case of
 
 Barter
 
 v.
 
 Barter,
 
 62 U. S., (21 How.), 582, 16 L. Ed., 226, by reason of which misinterpretation it is generally held that installments of alimony payable subsequent to such decree could not be enforced in another state under the full faith and credit clause of the Constitution. In the
 
 Barter case
 
 it had been stated that alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is. The apparent conflict of the two decisions, and the confusion resulting therefrom, was recognized by the Supreme Court in the more recent case of
 
 Sistare
 
 v.
 
 Sistare,
 
 218 U. S., 1, 30 S. Ct., 682, 54 L. Ed., 905, 28 L. R. A., (N. S.), 1068, 20 Ann. Cas., 1061, and it there held that the decision in the
 
 Lynde case
 
 “must be restricted or qualified so as to cause it not to overrule the decision in the
 
 Barter case/’
 
 and concluded that, where it does not appear from the law of the state wherein the decree was granted that the power of modification of the decree extends to accrued as well as to future installments of alimony, the award constitutes a final judgment within the full faith and credit clause so far as installments already accrued are concerned, provided no modification of the decree has been actually made prior to the maturity of such installments.
 

 
 *563
 
 The contention of plaintiff in error is based upon the claim that, under the law of Kentucky, the order for alimony in question created no absolute or vested right, because it was subject to retrospective as well as prospective change at any time. He pleads Section 2123 of the Kentucky Statutes as a defense, and alleges that, by that section, “it is provided that pending an application for divorce, or on final judgment, the court may make orders for the care, custody, and maintenance of the minor children of the parties or children of unsound mind, or any of them, and at any time afterward, upon the petition of either parent, reverse and alter the same, having in all such cases of care and custody, the interest and welfare of the children principally in view.”
 

 Does the authority thus conferred, to modify such order, refer to installments of alimony awarded as a part of a decree of divorce, which installments are accrued and unpaid, as well as to installments subsequently maturing?
 

 The general rule applicable to statutory provisions of this character is stated in 19 Corpus Juris, Section 272, as follows:
 

 “Statutes authorizing the alteration and modification of judgments or decrees allowing alimony have been held to have no retrospective effect, and the power to modify extends only to future installments and not alimony already accrued, in the absence of clear language manifesting contrary intent; but there is authority to the effect that a decree may be modified so as retrospectively to cut off alimony that has already accrued.
 
 ’ ’
 

 A number of cases supporting the text and dis
 
 *564
 
 cussing the reason for the general rule so stated are cited, including
 
 Livingston
 
 v.
 
 Livingston,
 
 173 N. Y., 377, 66 N. E., 123, 61 L. R. A., 800, 93 Am. St. Rep., 600, and other New York
 
 cases; Craig
 
 v.
 
 Craig,
 
 163 Ill., 176, 45 N. E., 153; and
 
 Delbridge
 
 v.
 
 Sears,
 
 179 Iowa, 526, 160 N. W., 218.
 

 The Supreme Court of the United States in deciding the
 
 Sistare case, supra,
 
 announced a similar rule. The statutory provision (Code Civ. Proc. N. Y., Section 1771), with reference to modification, which the court had under consideration in that case, was as follows:
 

 “The court may, by order, upon the application of either party to the action, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, vary or modify such directions. But no such application shall be made by a defendant unless leave to make the same shall have been previously granted by the court by order made upon or without notice as the court, in its discretion may deem proper, after presentation to the court of satisfactory proof that justice requires such an application should be entertained.”
 

 The court there held that no authority was conferred by this statute to cancel installments of alimony which had accrued prior to the application for modification, the language of the court being as follows:
 

 “But it is equally certain that nothing in this language expressly gives power to revoke or modify an installment of alimony which had accrued prior to the making of an application to vary or modify, and every reasonable implication must be resorted
 
 *565
 
 to against the existence of such power, in the absence of clear language manifesting an intention to confer it. The implication, however, which arises from the failure to expressly confer authority to retroactively modify an allowance of alimony is fortified by the provisions which are expressed. Thus, the methods of enforcing payment of the future alimony awarded, provided by the statute, all contemplate the collection and paying over as a matter of right of the installments as they accrue, as long as the judgment remains unmodified, or at least, until application has been made or permission to make one in pursuance to the statute has been accorded.”
 

 Cases are cited in the briefs wherein the courts of Kentucky, upon an application, have modified such judgments, not only prospectively, but retrospectively, although the decisions of that state upon the question are neither uniform nor consistent. The record in this case discloses that the husband is' now a resident of Ohio. How long he has been such resident does not appear, but he has made no payment upon the judgment since 1917, although the same has been in no manner modified, and it is fair to assume that no application for its modification has been made by either party. In the absence of modification the judgment is enforceable as awarded. Is the wife to be precluded from the enforcement of her judgment in another, state, where the husband has become a resident, because perchance he would have been permitted to file an application for modification thereof had he felt disposed to submit himself to the jurisdiction of that court? The language of the Supreme Court
 
 *566
 
 of Kentucky in the case of
 
 Parks
 
 v.
 
 Parks,
 
 209 Ky., 127, 272 S. W., 419, the last case decided by that court on the subject, is pertinent:
 

 “If the husband moves out of the jurisdiction of the court, and so remains continuously for a long period of time, he renders the statute nugatory and the court without power to act further. Such a litigant ought not be permitted to evade the letter and spirit of the statute as applied to himself, and at the same time use it as a weapon against his helpless adversary.”
 

 It is quite clear under this decision that the defendant would not be heard upon the matter of canceling installments accruing during his absence from the state. No facts have been disclosed, which, under any of the decisions cited, could have entitled the defendant to a retrospective modification of his judgment. Under the decisions cited and the reasoning supporting them the judgment was valid and enforceable in Kentucky, and hence under the full faith and credit clause of the Federal Constitution should be given effect in this state.
 

 The decision in the case of
 
 Gilbert
 
 v.
 
 Gilbert,
 
 83 Ohio St., 265, 94 N. E., 421, 35 L. R. A., (N. S.), 521, is not an authority on the proposition presented in this case, as will be fully disclosed by the statement of facts upon which it was based, and by the opinion itself, particularly when taken in consideration with the further action of the court in the same case in 90 Ohio St., 417, 108 N. E., 1121. This is manifest also from the clear distinction appearing in the opinion in 83 Ohio St., page 269, (94 N. E., 422), as follows:
 

 “And in considering the original decree in Cuya
 
 *567
 
 hoga county in connection with that in South Dakota, it must be noted that alimony in a suit for alimony alone is different from alimony in a suit where there is a decree for alimony and divorce. In rendering a decree for alimony alone the court necessarily has in view that the marital contract still exists; that the parties are still bound by alb its mutual obligations; that they may become reconciled and that the grounds and the desire for the allowance may be wiped out at any time. A decree in such a case is continually subject to modification, while in rendering a decree for divorce and alimony the court determines the ultimate relation of the parties and fixes the amount and the mode of payment of any money or property allowance to the wife.”
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson and Jones, JJ., concur.