BEATRICE B. VOM HOFE
vs.
EDWIN C. VOM HOFE

| Superior Court | Fairfield County | File #45704 |
|---|---|---|

Present: Hon. ALFRED C. BALDWIN, Judge.

E. Gaynor Brennan;
Melvin Zichter,  Attorneys for the Plaintiff.

Walsh & Buckley,  Attorneys for the Defendant.

MEMORANDUM FILED OCTOBER 19, 1936.

BALDWIN, J.   This is an action to recover support which accrued .from January 8, 1933, to and including August 8, 1934, under a decree of divorce entered in the Supreme Court of the State of New York, the decree providing for support of the plaintiff and the then minor son of the parties.

The special defense and cross-complaint to which this demurrer is addressed, is based upon the claim that the support sought to be recovered, accrued since the child, who was a minor at the time of the decree in 1921, had arrived at his majority and that the plaintiff has never brought that fact to the attention of the New York court and caused the provision for support to be so modified as to provide for her separate maintenance.   It is further alleged in the cross-complaint that the financial condition of the defendant has changed and his condition of health has broken and he can no longer comply with the order for support, and this court is asked to modify the decree of the New York Court.

This court has no power to modify the decree of a court of competent jurisdiction of a sister state.

In Harris vs. Harris, 259 N.Y. 334, 182 N.E. 7, the court held that it was impossible to modify a decree as to accrued alimony.   Whether the New York court could modify a decree affecting accrued support under circumstances such as appear here it is not for this court to decide.   Certainly this court cannot.

A situation quite similar to the instant case arose in Ohio in 1927: Armstrong vs. Armstrong, 160 N.E. 34, 57 A.L.R. 1108.   Plaintiff in this case in 1911 in Kentucky, obtained a decree of divorce, alimony and maintenance of two minor children.   A defense set up to the action for accrued alimony and maintenance was that one child died in 1918, in the service of the United States and that plaintiff had recovered a substantial amount on his life insurance and that the other child had attained her majority July 1, 1917, which was the date of the last payment of alimony and maintenance.   The Ohio court held that the defendant was not entitled to a retrospective modification of the judgment and that under the full faith and credit clause of the Federal Constitution, effect should be given by the Ohio court to the decree of the Ken-

tucky Court, following the reasoning in **Sistare vs. Sistare, 218 U.S. 1, 28 L.R.A. (N.S.) 1068,** which originated in the state of New York, and then came up in this state in an action similar to this case.

The full faith and credit clause of the Constitution of the United States has application, likewise, to the instant case.

The demurrer is therefore sustained.