## Scoville v. Scoville

Before Gibson, P. J., and Carson, J.

*Lloyd O. Hart*, for plaintiff.

*Anderson & Anderson*, for defendant.

GIBSON, P. J., October 17, 1949.—In default of an appearance and in default of an answer, plaintiff entered judgment against defendant. Her suit is based on an exemplification of a record of the Court of Common Pleas of Cuyahoga County, Ohio. There the court granted a decree divorcing Charles E. Scoville and Ann D. Scoville, and directing the payment of alimony by Charles E. Scoville to Ann D. Scoville in the sum of $5.50 per week. The decree was signed by "Emanuel M. Rose, Judge." The record was certified as being copied from the original journal entry of the Court of

Common Pleas of Cuyahoga County, Ohio, by the clerk of that court, with a certificate of the presiding judge and a certificate of the clerk of that court. Upon this exemplification, suit was brought for the installments of alimony due and unpaid.

In the complaint in this action, plaintiff avers the action of the Court of Common Pleas of Cuyahoga County, Ohio, as shown in the exemplification, the amount due and unpaid, and that the court in Ohio has made no further order changing the order shown in the exemplification. Service of the complaint was made on Charles E. Scoville, defendant, by the sheriff of this county on July 25, 1949, and no appearance or answer having been filed, judgment was entered for the amount alleged to be due in default of an answer, on August 16, 1949.

Defendant appeared by counsel on August 29, 1949, and moved to strike off the judgment for two reasons: First, that the judgment entered in the foreign State is not a final judgment but is subject to modification; second, that the judgment is void because the decree was signed by "Emanuel M. Rose, Judge," and not signed "By the Court," and is not a judgment of the court.

Neither of these reasons can be sustained, because

1. Judgments can be stricken off only for defects apparent on the record. This record shows that a proceeding was held in the Court of Common Pleas of Cuyahoga County, Ohio, instituted by Charles E. Scoville, to which Ann D. Scoville filed an answer submitting to the jurisdiction, and that a final decree was entered which the complaint shows has not been changed since that time.

2. The exemplification of record shows that the proceeding was in divorce, that there was a final decree which the complaint sets forth has not been changed since that time, and therefore as to accrued weekly in-

stallments, it was a final decree: Armstrong v. Armstrong, 117 Ohio 558, 160 N. E. 34.

3. The certification under the seal of the court by the clerk and the presiding judge shows that the material so certified was copied from the records of the Court of Common Pleas of Cuyahoga County, Ohio. It is beyond our power to now inquire into the authority or qualifications of Emanuel M. Rose, who, by the certified record, is shown to have presided as a judge of that court at the time that record was made.

And now, October 17, 1949, defendant's motion to strike off the judgment in the above case is hereby dismissed.