### BOWLING v. BOWLING.

Common Pleas Court, Butler County.

No. 66146.   Decided June 25, 1951.

Pater & Pater, Harry T. Wilks, Hamilton, for plaintiff.
J. Joseph Marr, Hamilton, for defendant.

### OPINION

By CRAMER, J.

This cause was submitted to the court upon the pleadings, evidence, arguments and memoranda of counsel.

Plaintiff, who is the divorced wife of the defendant, seeks to recover in this action upon what she asserts is a judgment rendered by the Circuit Court of Fayette County, State of Indiana, at the January 1947 term.

She alleges that there is due her on said judgment the sum of $918 and sets out the manner in which said sum is arrived at.

The answer of the defendant consists of a general denial.

Upon the trial, plaintiff offered and there was received in evidence, a certified copy of the claimed judgment sued upon. In substance the same recites that the matter came on to be heard upon the petition of plaintiff (the defendant in this cause) to modify a divorce decree theretofore granted by the

Indiana court on the 10th day of January, 1945; that in said divorce decree the defendant (plaintiff in this cause) was given the custody and control of the minor children and an order was made for their support in the sum of $15 per week.

The purported judgment further recites that the court after hearing the evidence finds for the petitioner and that the decree should be modified in the following particulars: "That said plaintiff should pay to said defendant for the support of said children the sum of $10.00 per week beginning on the 22nd day of March, 1947 to the Clerk of the Fayette Circuit Court, and $10.00 thereafter until the further order of this court."

It further recites that the plaintiff is in arrears in the payment of support of said minor children in the sum of $402, and the plaintiff is ordered to pay $2.50 a week on said amount which is in arrears until said sum is paid. This instrument concludes with the following language: "It is therefore adjudged by the court that said divorce decree should be and is modified: that said plaintiff should pay the sum of $12.50 per week, $10.00 for the support of said minor children instead of $15.00 per week as now recited, and $2.50 a week until the payments which are now in arrears are paid in full, and said decree is hereby modified in said particulars."

The defendant in this cause admitted that he is in arrears in the payment for the support of his minor children and that the amount claimed by plaintiff in her petition as being due under the purported judgment is correct.

It is defendant's contention, however, that plaintiff is not entitled to recover for the reason that this court has no jurisdiction because the instrument sued upon (its authenticity is not disputed) is not a judgment. It is further urged that even if it be held that plaintiff has a valid judgment upon which she bases her action here, that it does not possess that finality which is essential to it being given full faith and credit under the Federal Constitution, Art. 4, Section 1.

The basis of the defendant's contention is that this order upon which plaintiff has sued is not a final judgment. That since the court in Indiana has continuing jurisdiction over the question of support of children of divorced parents and that whatever orders such court makes are subject to modification, any order made by the court of original jurisdiction is not final and therefore not a judgment.

It should be pointed out here that there was no evidence offered in this cause as to what the law of Indiana is in respect to this particular matter. The defendant in his memorandum sets forth some of the Indiana statutory pro-

visions covering this subject but as hereinbefore pointed out, the same are not properly before us.

The plaintiff here places considerable reliance upon the case of **Armstrong v. Armstrong; 117 Oh St 558,** 160 N. E. 34, 35, 57 A. L. R. 1108.

In that case the plaintiff recovered a judgment in Kentucky in the sum of $5 per week for alimony and maintenance of two minor children of the plaintiff and defendant over whom in said action plaintiff had been awarded the custody. Plaintiff claimed that said judgment was a valid and subsisting one upon which she claimed a balance due her of $3,065. The answer of the defendant in that case asserted that by virtue of the Kentucky statutes it is provided that on final judgment the court may make orders for the care, custody and maintenance of the minor children of the parties and at any time afterward upon the petition of either parent, may reverse and alter the same, having in all such cases of care and custody, the interest and welfare of the child personally in view, and that said order was not for a fixed, final and definite amount and was not under the laws of Kentucky a final order or judgment.

The court stated that the specific question to be decided in that case was "whether an order for alimony to be paid in future installments, entered by a Kentucky court, is within the protection of the full faith and credit clause of the United States Constitution and may be enforced in this state."

The court held as follows:

Syllabus 1. "A judgment for alimony payable in installments, rendered upon entering a decree for divorce, constitutes a final judgment within the full faith and credit clause of the Federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony."

Par. 2 Syllabus. "Where a divorce was regularly decreed by a Kentucky court, and a sum payable in installments was awarded as alimony and for the support and maintenance of children of the parties, and there has been no modification of such judgment it will be enforced by the courts of Ohio under the full faith and credit clause of the Federal Constitution."

The Armstrong case supra, in our opinion, is dispositive of the case at bar. Certainly it does not appear from the law of Indiana, wherein this judgment was granted, that the

power of modification extended to accrued installments. It likewise is apparent here that no modification of this decree was actually made prior to the maturity of the accrued installments sued upon. It not only appears but it is admitted by the defendant that $327 of the total amount sued upon represents the sum of $402—less credit of $75—which the Indiana Court found the defendant was then in arrears. The remainder of the sum sought here is made up of arrearages accrued since the decree was modified on January 6, 1947.

The court is fortified in its conclusion here by the case of **McPherson v. McPherson, 153 Oh St 82, 90 N. E. 2d 675.** This case recites—**153 Oh St on page 88, 90 N. E. 2d on page 676** of the report—the first paragraph of the syllabus of the Armstrong case supra, and holds as follows: "Due and unpaid installments allowed by the court for the support of a minor child may not be modified."

The court in the course of its opinion refers to the annotation in 157 A. L. R., at pages 173-175. Also to the recent work of Nelson on Divorce and Annulment, Volume 3, page 537, wherein it is said: "The enforcement of an alimony or maintenance decree as to future installments stands upon a different footing than the enforcement of such a decree as to past due installments, since the decree is a continuing judgment as to future installments, while it is an ordinary judgment for debt or money as to those which are past due."

The court also quotes from Restatement of Conflict of Laws, 518, Section 435, under "Comment," wherein it is said: "A judgment or decree for alimony, rendered in another state, will be enforced only to the amount already accrued and due and only if the court which rendered the judgment has no power to modify the amount already accrued."

It is also pointed out that at page 553, Section 464, in the same work, it is said: "A valid judgment for alimony granted in one state can be enforced in another state to the extent of the amount already due and unpaid on the decree, and not subject to reduction."

We find no merit in the claim of the defendant that the fact that here we have an order for the support of minor children rather than a decree for alimony in installments, renders the foregoing authorities inapplicable. It seems to us that the McPherson case supra definitely disposes of this contention adversely to the defendant. Besides, no distinction can logically be made on that ground.

We find, therefore, upon the issues joined in this cause in favor of the plaintiff, and that she is entitled to recover the sum prayed for, for which amount, together with her costs,

182

judgment will be rendered in her favor and against the defendant.