DeCAMP, APPELLANT, *v.* BEARD, EXR., APPELLEE.

(No. 535—Decided January 8, 1953.)

*Mr. John A. Robenalt,* for appellant.
*Mr. Richard J. Rinebolt* and *Mr. Garver Oxley,* for appellee.

YOUNGER, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hancock County in an action wherein the appellant, Clara DeCamp, was plaintiff and the appellee, Thomas L. Beard, executor of the estate of John O. Armbruster, deceased, was defendant.

The plaintiff, on January 21, 1952, filed her petition which, omitting caption, signature of attorney, exhibits thereto attached, and verification, is in the following words and figures:

"Now comes the plaintiff, Clara DeCamp, and for her cause of action says that she was formerly Clara Armbruster having been married to the now deceased John O. Armbruster on the 9th day of November, 1913, in Auglaize county, Ohio. The plaintiff says that she and the said John O. Armbruster during his lifetime were divorced in the Common Pleas Court of Allen County, Ohio, by decree of that court in case number 18550 on the 31st day of May, 1919.

"The plaintiff further says that the above mentioned divorce decree provided for the payment of the sum of twenty-five dollars ($25) per month for the support of Vaila Armbruster, the minor child of the marriage of the plaintiff and the said John O. Armbruster, such payments to begin on June 15, 1919, and to continue until the said minor child reached the age of 16 years.

"The plaintiff alleges that no part of the support

ordered by the Common Pleas Court of Allen County, Ohio, in the above mentioned divorce action has ever been paid and that as a result the amount of three thousand and twenty-five dollars ($3,025) with interest thereon is due and owing the plaintiff.

"This plaintiff has caused her sworn statment of the amount due her to be presented to the defendant, the duly appointed and qualified executor of the estate of the said John O. Armbruster within four (4) months from the time of his appointment and qualification as the executor of the estate of John O. Armbruster, deceased, and upon such presentment the defendant has rejected the claim of the plaintiff under date of November 28, 1951. This action is filed within two months of the date of such rejection. A copy of the claim of the plaintiff and the rejection of said claim by the defendant is attached hereto and marked 'exhibit A.'

"Wherefore, the plaintiff prays judgment against the defendant in the amount of three thousand and twenty-five dollars ($3,025), plus interest and the costs of this action."

The defendant filed a demurrer to the petition upon the ground "that it appears upon the face of the petition that the cause of action therein set forth, did not accrue within fifteen years next prior to the commencement of this action."

Upon hearing thereafter had, the court found the demurrer well taken and sustained the same and, the plaintiff not desiring to plead further, rendered judgment dismissing plaintiff's petition. That is the judgment from which this appeal is taken.

The plaintiff assigns error in a number of particulars which may be summarized as an assignment that the judgment of the Common Pleas Court is contrary to law.

There is no statute prescribing that judgments or

actions on judgments are subject to any limitation. However, there is a statute of limitations as to actions upon specialties. This statute is Section 11221, General Code, which reads as follows:

"An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued."

The Common Pleas Court apparently considered that this statute applied to judgments of the character upon which this action is based and rendered its judgment accordingly.

In an early Supreme Court case, *Stockwell* v. *Coleman,* 10 Ohio St., 33, it was held that a judgment of a justice of the peace in Indiana was a specialty within the purview of the statute of limitations above set forth, but in a later case, *Tyler's Exrs.* v. *Winslow,* 15 Ohio St., 364, it was held by the Supreme Court that a domestic judgment (which is a judgment of the character involved in this action) is not a specialty and does not come within the purview of the statute of limitations above mentioned. This latter holding is the settled law of Ohio upon the question. 23 Ohio Jurisprudence, 805, 1344, 1345, Sections 492, 1347, 1348.

As the judgment upon which this suit was predicated is not a specialty, action on it was not barred by the provisions of Section 11221, General Code, relating to specialties.

While the judgment upon which the instant case is predicated is not a "judgment for the recovery of money" in the sense in which that phrase is used as applying to an ordinary judgment, and while it differs from an ordinary judgment in that it is payable in installments, is subject to modification as to unaccrued installments, and is essentially a judgment for the enforcement of a duty, it still constitutes a judgment within the meaning of the Constitution of the United

States and the laws of this state so far as the collection of accrued installments thereof is concerned.

In the case of *Armstrong* v. *Armstrong,* 117 Ohio St., 558, 160 N. E., 34, it was held:

"1. A judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony.

"2. Where a divorce was regularly decreed by a Kentucky court and a sum payable in installments was awarded as alimony and for the support and maintenance of children of the parties and there has been no modification of such judgment it will be enforced by the courts of Ohio under the full faith and credit clause of the federal Constitution."

In the case of *McPherson* v. *McPherson,* 153 Ohio St., 82, 90 N. E. (2d), 675, involving a judgment for the support of a minor child, payable in installments, it was held that the unpaid installments were not subject to modification, and that the doctrine enunciated in the last above-cited case is applicable to such a judgment.

While, as above stated, there are no statutes prescribing limitations on the enforcement of judgments or actions thereon, there are statutes prescribing when judgments of courts of record become dormant and how and within what period of time such judgments may be revived. These are in the nature of statutes of limitation on the judgments to which such statutory provisions apply.

The question then arises whether the judgment upon which this cause is based is of such a character that it became dormant after the period prescribed by said statutes and is subject to revivor as provided in said statutes.

In considering this question we must keep in mind the fact that judgments for support payable in installments have the same legal standing and effect as judgments for alimony payable in installments.

Such judgments for support, therefore, come within the purview of the decision of the Supreme Court in the case of *Lemert* v. *Lemert,* 72 Ohio St., 364, 74 N. E., 194, 106 Am. St. Rep., 621, wherein it was held that a judgment of this character is not one subject to becoming dormant or subject to revivor under the sections of the General Code relating to dormant judgments and the revivor thereof.

In its decision the Supreme Court affirmed and approved the holding of the Circuit Court in said cause, appearing in 2 C. C. (N. S.), 233, 236, 15 C. D., 253, which holding is as follows:

"An adjudication of alimony by a Court of Common Pleas is, in a sense, a judgment, to the enforcement of which the parties are entitled to execution and proceedings in aid thereof. A claim for alimony, while it is a judgment, the fixed amount of which is to be paid by the husband out of his property for the support of the wife, rests not only upon the adjudication of the court fixing that amount, but upon the higher obligation of the common-law liability of a husband to support his wife, and the authorities go so far as to say that it is a continuing obligation which exists not only at the time of the judgment, but continues afterwards."

The judgment upon which the action in the instant case is based is not a specialty within the meaning of the statute of limitations relating to specialties and

is not such a judgment as comes within the statutes relating to dormant judgments and the revivor thereof. There are no statutory or common-law rules limiting the enforcement of a judgment of this character or actions thereon. It is, however, a judgment within the meaning of the federal Constitution and the laws of this state, all installments being past due.

Consequently, the Common Pleas Court erred in sustaining the demurrer of the defendant and dismissing the petition, its action being contrary to law. For this error the judgment of the Common Pleas Court is reversed at the costs of the defendant, and the cause is remanded to the Common Pleas Court with instructions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed.*

MIDDLETON, P. J., and GUERNSEY, J., concur.