Matthias, J.
The issue which is determinative of this appeal is whether the payee of an installment child-support order or judgment, issued in conjunction with a divorce decree, is precluded by a statutory limitation of time, by laches, or by loss of jurisdiction from having unpaid and delinquent installments on such order reduced to a “lump-sum judgment,” by the fact that 14 years elapsed since the last payment on the order was due or by the fact that the court lost custodial jurisdiction of the child when he reached 21 years of age.
In the case of Roach v. Roach, 164 Ohio St., 587, 132 N. E. (2d), 742, this court, in paragraph two of the syllabus, held:
“2. Where a court in a divorce action makes an order for the support of a minor child of the parties, payable in installments, over which order the court retains expressly or by implication continuing jurisdiction, such order must be reduced to a lump-sum judgment as.to unpaid and delinquent installments before an execution may be lawfully levied thereunder.”
The instant case presents the next logical step in the law on that subject. That is, we are required to decide herein whether a certain lapse of time allowed to expire by the payee of an installment support order before taking active steps to obtain the ‘ ‘ lump-sum judgment, ’ ’ required by the Roach case, constitutes behavior on the part of such payee by which he forfeits his right to obtain such “lump-sum judgment” as to unpaid and delinquent installments.
*450 An order or judgment for installment support payments is a judgment unlike any other because of its uncertainty of amount, although it is similar to an award of installment alimony payments where the total alimony awarded by the court is not designated as a sum certain at the time judgment is rendered. The usual order for installment support payments is not rendered in the form of a judgment for a sum certain, payable in installments, but, as in the instant case, it is usually an order to pay a certain amount periodically until the minor for whose benefit the order is intended reaches a certain age — usually the age of majority — although, in the instant case, the order extended only until the child became 18.
It would be possible, by a multiplication of the number of payment periods in a year by the number of years contemplated by the support order, then by a multiplication of that product by the amount of the periodical payment, to determine mathematically the sum certain contemplated by the order on the date of its issuance. There exists on that date, however, no certainty that the child will live for the duration of'the support order or that the court issuing the order will not mddify it as to future installments sometime prior to its termination. See Corbett v. Corbett, 123 Ohio St., 76, 174 N. E., 10, wherein this court held that a court which issues an installment support order retains jurisdiction throughout the duration of the order to modify it, and McPherson v. McPherson, 153 Ohio St., 82, 90 N. E. (2d), 675, wherein this court stated, in the syllabus, that “due and unpaid installments allowed by the court for the support of a minor child may not be modified,” i. e., that the power of modification recognized in the Corbett case is restricted to future installments.
Thus, it is entirely consistent with both the law of Ohio and with reason and common sense to conclude, as we do, that, where there is an order imposing a duty to make installment support payments until a minor reaches a specified age, and the child reaches the age specified in such order, and there have been no interim modifications by the court, the amount of the judgment at that time becomes a sum certain which is no longer subject to modification. If there has been an interim modification, the mathematics involved in reaching the sum certain becomes *451 slightly more complicated, but the sum certain is nevertheless mathematically determinable. Also, at that time the rights of the parties with respect to the amount due and owing on such judgment become fixed and unalterable. A multiplication of the amount of the installment support payment by the number of installment periods between the issuance of the order and the reaching of the age, specified in the order, by the child and a subtraction from the product thereof of the amount paid pursuant to the order give the fixed and unalterable amount owed on the order.
It is seen that it is also consistent with good reason to conclude, as we do, that the payee of the support money can not be precluded by any reason from asking for and receiving a “lump-sum judgment” for the entire amount of arrearages on that date. If, then, a party may ever be precluded from having such arrearages reduced to a “lump-sum judgment” by “sleeping on his rights,” the date the rights of the parties are finally fixed, as to the unalterable amount remaining due on the order, must be considered the date upon which the “slumber” commenced.
Although the installment support order is a final order from which an appeal may be taken as soon as it is made and which is entitled to full faith and credit under the Constitution of the United States (see Armstrong v. Armstrong, 117 Ohio St., 558, 160 N. E., 34, 57 A. L. R., 1108), the uncertainty of the amount of the judgment precludes an application thereto of the time limitations in the dormancy and revivor statutes (Sections 2329.07 and 2325.18, Revised Code), at least before the rights of the parties with respect to the unalterable amount remaining due on the order are finally fixed.
With respect to that question, keeping in mind that we have already mentioned the similarity between installment support orders and installment alimony orders in which the total amount of alimony has not been indicated as a sum certain, see the case of Lemert v. Lemert, 72 Ohio St., 364, 74 N. E., 194, 106 Am. St. Rep., 621, wherein this court found that “a decree for alimony is not a judgment within the meaning of Section 5380, Revised Statutes [Section 2329.07, Revised Code], which provides that a judgment on which execution has not issued for five years shall become dormant and shall cease to operate as a *452 lien on real estate, nor is it a judgment or finding, within the meaning of Section 5367 [Section 2325.15, Revised Code], which provides for the revivor of a dormant judgment, or a finding for money, in any equitable proceeding.”
It is not necessary at this time, however, to determine whether the time limitations in the dormancy and revivor statutes apply to installment support orders, since those two statutes contemplate that inertia on the part of the judgment holder for a minimum of 26 years shall exist before a judgment shall become irrevocably dormant, and the facts herein indicate that less than 26 years have elapsed since this judgment was rendered and only 14 years have elapsed since the rights of the parties with respect to the unalterable amount remaining due on the judgment became fixed, i. e., since the last payment on the weekly support order became due.
A question is raised by defendant as to whether one or more of the statutes of limitation found in Chapter 2305, Revised Code, apply so as to preclude plaintiff from recovering the “lump-sum judgment” requested.
The question as to whether judgments, domestic and foreign, provide “causes of action” so as to be subject to statutes of limitation within the above-mentioned chapter has been the subject of diverse comment by judges of this court at various times. See Stockwell v. Coleman, 10 Ohio St., 33; Tyler’s Executors v. Winslow, 15 Ohio St., 364; Fries v. Mack, 33 Ohio St., 52; Doyle v. West, 60 Ohio St., 438, 54 N. E., 469; Graham v. Simon, Admr., 76 Ohio St., 77, 81 N. E., 170; and Weenick v. Slutz, 98 Ohio St., 342, 121 N. E., 643.
That question, as to domestic judgments, was set to rest, however, by-the opinion of Chief Justice Shauck in Graham v. Simon, supra (76 Ohio St., 77), wherein the syllabus is as follows :
“An action upon a judgment of a court of this state may be brought at any time within 21 years.”
In his extremely lucid and succinct opinion, Chief Justice Shauck concluded that the law of Ohio on the subject of domestic judgments was established by Tyler’s Executors v. Winslow, supra (15 Ohio St., 364), and that “in that case two propositions were established: that although a judgment of a court of this *453 state is a good ground of action, its rendition is not the accruing of a cause of action within the meaning of the act of February 18, 1831; and that, therefore, said act of limitation does not apply to an action founded upon a judgment of a court of this state. ’ ’
The domestic judgment with which we are concerned in the instant case is the original judgment of divorce, including the judgment order for support payments — it is not the “lump-sum judgment” of the Roach case. Perhaps the significance of the phrase, “lump-sum judgment,” would he clearer had a phrase, such as “determination as to unpaid and delinquent installments,” been used in the Roach case, but, nevertheless, the use of the phrase, “lump-sum judgment,” detracts nothing from the efficacy of the judgment order for the payment of support money in specified installments.
In line with the language of Chief Justice Shauck, we conclude that, although a judgment for installment support payments, rendered by a court of this state, is a good ground of action, its rendition is not the accruing of a cause of action within the meaning of the statutes of limitation found in Chapter 2305, Revised Code.
Implicit in our findings above is the conclusion that the Court of Common Pleas does not lose jurisdiction to enforce payment of arrearages on an installment support order merely because the minor has reached majority or the age specified in the order. The Court of Common Pleas has custodial and support jurisdiction of only the minor children of parties involved in a divorce action, and it retains custodial jurisdiction only so long as such minors have not attained majority. That court has, however, the power to make what is in effect a money judgment relating to the support of such minors, and even though it loses custodial jurisdiction of a minor upon his attainment of majority, it nevertheless retains jurisdiction to enforce the payment of the money judgment beyond that date, just as it retains continuing jurisdiction to enforce the payment of its judgments in causes other than those concerning domestic relations, provided the holder of the judgment does not allow it to become irrevocably dormant.
It is noted that certain of the provisions of Section 3105.061, *454 Revised Code, effective August 28, 1957, show the express intent of the General Assembly to put into effect certain of the .principles announced herein and those previously determined by this court. That section does not affect the instant case because of its effective date and was neither argued nor mentioned by counsel. It reads as follows:
“In any action arising under Sections 3105.01 to 3105.99, inclusive, of the Revised Code [the chapter entitled ‘Divorce and Alimony’], where the court has continuing jurisdiction of the subject matter and has once acquired jurisdiction over the person of the parties, the court shall retain jurisdiction over the parties until any judgment order or decree or modification thereof is complied with and satisfied and the court shall retain jurisdiction over said parties for the purpose of the modification of any order or decree relating to the support or custody of the minor children of the parties.
‘ ‘ Service of notice on any party of the filing of a motion or application to reduce accrued support payments to judgment may be made by personal service, residence service, or registered or certified mail, directed to the addressee only at his last known address within or without the state of Ohio. ’ ’
We will next consider whether the doctrine of laches may be invoked by defendant to defeat plaintiff’s right to a “lump-sum judgment” in the instant proceeding.
The first paragraph of the syllabus of Clark v. Clark, 165 Ohio St., 457, 136 N. E. (2d), 52, reads as follows:
“1. Under the provisions of amended Section 3105.20, Revised Code, in any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity jurisdiction.” See, also, Section 3105.20, Revised Code; Arbogast v. Arbogast, 165 Ohio St., 459, 136 N. E. (2d), 54; Gage v. Gage, 165 Ohio St., 462, 136 N. E. (2d), 56; and DeMilo v. Watson. Exr., 166 Ohio St., 433, 143 N. E. (2d), 707.
The nearest this court has come to defining the equitable doctrine of laches was in the case of Russell, Admr., v. Fourth. National Bank, 102 Ohio St., 248, 131 N. E., 726, wherein paragraph four of the syllabus reads as follows:
“4. Equity demands that rights should be asserted before lapse of time has made a judicial inquiry difficult and uncertain *455 by reason of the death of parties, the loss of papers and books, the death of witnesses, and the intervention of equities; and where delay, under such circumstances, exceeds the time fixed for suit by statutes of limitation in an analogous action at law, the burden is on the party asserting such right to explain the delay and to show that it would be inequitable and unjust to re- ■ fuse the aid of the court in the enforcement of the right.”
It is seen that the statement in the syllabus of the Russell case is a general one relating to laches and does not attempt to include a comprehensive definition of the word. Nor did the court attempt to formulate a general definition in its treatment of the subject in its opinion (page 266 et seq.).
In 19 American Jurisprudence, 343, Section 498, it is said that the elements of the defense of laches are “ (1) conduct on the part of the defendant * * * giving rise to the situation of which complaint is made and for which the complainant seeks a remedy * * *; (2) delay in asserting the complainant’s rights, the complainant having had knowledge or notice of defendant’s conduct and having been afforded an opportunity to institute a suit; (3) lack of knowledge or notice on the part of the defendant that the complainant would assert the right on which he bases his suit; and (4) injury or prejudice to the defendant in the event relief is accorded to the complainant.”
In 30 Corpus Juris Secundum, 521, Section 112, it is said that laches is an “acquiescence in the assertion of adverse rights and undue delay on complainant’s part in asserting his own, to the prejudice of the adverse party.”
And in 30 Corpus Juris Secundum, 531, Section 116, it is said:
“* * * the rule supported by the weight of authority is that delay in asserting a right does not of itself constitute laches.” It is seen that the authorities are generally in accord with the proposition that, in order to successfully prosecute a claim of laches, the person asserting the claim must show that he has been materially prejudiced by the delay of the adverse party in asserting his rights.
“It is neglect to assert a right under such circumstances and for such a length of time, as, when not induced by fraud, or otherwise shown to be justified, will lead a court of equity *456 to refuse its aid .” (Emphasis added.) Russell v. Fourth National Bank, supra.
At this point we must note that laches is exclusively an equitable doctrine, and that most of the law relating to that subject has been made in separate “courts of equity,” or, under our modern system wherein no distinction is made, between “equity” and “law” courts, such law has been made by the consideration in such courts of traditionally “equity” cases. Thus, the language used in our reference cases is slightly inaccurate with respect to the situation with which we are confronted herein. The instant situation is certainly a matter concerning domestic relations, and such matters have been said to be strictly statutory. See Durham v. Durham, 104 Ohio St., 7, 135 N. E., 280. However, by refusing to deprive the Court of Common Pleas of its full equity powers and jurisdiction in any matter concerning domestic relations, the General Assembly has, in effect, made the “equity” eases and the law established therein applicable to situations such as that before us.
The ultimate question, then, is whether the defendant has stated facts which will persuade the conscience of the court to grant him relief from the assertion of her rights by plaintiff, keeping in mind that the “equity conscience” of a court is traditionally guided and controlled by definite and established rules.
The only fact upon which defendant bases his claim of laches is the delay of plaintiff in asserting her right to obtain a “lump-sum judgment,” upon which execution may lawfully issue, for 14 years after the rights of the parties with respect to the amount due and owing on the judgment became fixed and unalterable. He has not attempted to show that he was- materially prejudiced by such delay, and a material prejudice cannot be inferred from the mere lapse of the time mentioned. Defendant was instrumental in bringing into the world the child for whom the benefit of the support money was intended, and he assumed, in addition to the natural duties of a parent, a statutory duty to support the child until emancipation or majority. The weekly support order merely put a price tag on the statutory duty already existent. The defendant knew of the existence of his obligation of support before the divorce decree, and *457 the extent of such obligation was fixed by the installment support order included in the judgment of divorce. The mere fact that he failed to meet such obligation does not mean that he was excused therefrom; it simply means that someone assumed his duty of support, for, in the absence of evidence to the contrary, the court will presume that the child was clothed, fed and generally accorded the necessities of life, the payment for which the weekly support money was intended.
As we have seen, “delay in asserting a right does not of itself constitute laches,” but such delay must be “to the prejudice of the adverse party.” Those are rules which bind the conscience of a court having equity powers, and, since defendant has shown no material prejudice resulting from plaintiff’s delay in asserting her rights, he clearly has not shown facts which entitle him to relief through the application of the doctrine of laches. The mere inconvenience of having to meet an existing obligation imposed not only by statute but by an order or judgment of a court of record at a time later than that specified in such statute or order cannot be called material prejudice.
It is our conclusion that the payee of an installment child-support order or judgment, issued in conjunction with a divorce decree, is not precluded by a statutory limitation of time, by laches, or by loss of jurisdiction from having unpaid and delinquent installments thereon reduced to a “lump-sum judgment,” upon which execution may lawfully issue, by the fact that 14 years elapsed since the last payment on the order was due or by the fact that the court lost custodial jurisdiction of the child when he reached the age of 21. Stated more simply, it is apparent that the plaintiff herein has a right to have the unpaid and delinquent installments on the weekly installment support order reduced to a “lump-sum judgment,” upon which execution may lawfully issue.
The judgment of the Court of Appeals is, therefore, affirmed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed and cause remanded.

Weygandt, C. J., Zimmerman, Stewart, Taet, Bell and Herbert, JJ., concur.