WEDEBROOK v. WEDEBROOK.

(No. DR-74-635—Decided April 27, 1977.)

Court of Common Pleas of Scioto County, General Division.

*Mr. Elliott D. Bucher*, for plaintiff.
*Mr. Howard H. Harcha, Jr.*, for defendant.

MARSHALL, J. On February 10, 1975, a decree of divorce was granted to plaintiff, giving her custody of the four minor children of the parties and ordering the defendant to pay $65 per week for the support of said minor children. No right to modify was reserved. On March 9, 1977, the plaintiff filed a motion to modify that order by reducing the amount of unpaid accrued installments to a lump sum judgment. On March 25, 1977, the defendant filed a motion requesting that the order be modified by suspending the same during the months of September, October, November, and December of 1976, for the reason that the defendant was on strike and had no income during that period of time. Both motions were heard simultaneously on April 5, 1977. The evidence adduced that the defendant had made no payments for the last 16 weeks of 1976 in the total amount of $1,040; that the defendant had

been on strike against the Portsmouth Area Atomic Energy Plant, his employer, during the months of September, October, November and December of 1976; and that he had notified the plaintiff and the Bureau of Support of this court on September 9, 1976, that he would be unable to make the support payments as long as the strike continued. It was also established that the oldest child, a daughter, had attained the age of 18 years on March, 1976, but no evidence was offered as to when she ceased being a full time high school student.

The issues stated by the defendant are:

"1. May a trial court, in determining the merits of a motion for a lump sum judgment, retroactively reduce the father's obligation to pay support where it appears that the father's income was terminated for at least part of the period for which arrearages are claimed?

"2. If the trial court does not have the power, is unilateral notification of the Bureau of Support by the father of his reduction in income sufficient to bring the matter before the court so as to justify a reduction of arrearages for reason of lack of income?"

In *Armstrong* v. *Armstrong* (1927), 117 Ohio St. 558, the Supreme Court held: "A judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the Federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appears from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony."

In *McPherson* v. *McPherson* (1950), 153 Ohio St. 82, the court applied the ruling in *Armstrong, supra*, to child support payments, holding that an award for the support of a minor child payable in weekly installments is a final judgment which is not subject to modification as to accrued unpaid installments.

In *Smith* v. *Smith* (1959), 168 Ohio St. 447, the court

held: "The amount of past due and delinquent installments remaining due and owing on an installment child-support order or judgment is fixed and unalterable on the date the last installment payment becomes due and owing; and at that time the payee of the installment support order or judgment has an absolute right to have all past due installments reduced to a 'lump-sum judgment,' on which execution may be lawfully levied."

In its latest pronouncement the Supreme Court reiterates the principle that a court is empowered to modify child support orders as to future installments throughout the duration of the order, whether reserved or not. *Nokes v. Nokes* (1976), 47 Ohio St. 2d 1.

Ohio Courts, other than the Supreme Court, have also considered this issue of retrospective modification of installment alimony and support orders.

The Court of Common Pleas of Butler County in *Bowling v. Bowling* (1951), 62 Ohio Law Abs. 178, following *Armstrong, supra,* held: "Due and unpaid installments allowed by the court for support of a minor child may not be modified."

The Court of Common Pleas of Lucas County in the case of *Wolfe v. Wolfe* (1954), 124 N. E. 2d 485, held, at page 492: "The rule against retroactive modification is not changed. But where strict enforcement would be unconscionable, immoral and against public policy—in such a case the court now clearly has both the right and the duty to exercise its equitable jurisdiction." In that case the court terminated an order for the weekly payment of alimony to a divorced wife, effective as of the time of her remarriage. The court took the position that the rule against retrospective modification was a rule of law and that, in the exercise of its equitable jurisdiction, it had the power to act as it did for the reason that it would be against public policy to compel one man to support another man's wife.

In a case wherein the father ceased making child support payments for the reason that the mother had removed the child from the state without permission of the Ohio court, the Court of Appeals for Hamilton County held that

the mother was entitled to a judgment for all unpaid installments. "Our examination of the law brings us to the conclusion that the law of Ohio and the better considered authority are to the effect that the accrual of installments of child support gives a right to the mother of the child to the payment of the allowance, which can not be taken from her, even by the court who awarded the child's support unless it retains jurisdiction over not only future payments but those which have accrued." "It is the law and the policy of the courts in matters of this kind to seek the best interests of the child." *Elkind* v. *Harding* (1957), 104 Ohio App. 322, 323.

In the case of *Sexton* v. *Sexton* (1971), 32 Ohio App. 2d 344, the Court of Appeals for Hamilton County reversed the decision of the trial court which had refused a judgment to the mother for unpaid installments. of child support which had accrued while she was receiving payments from the Welfare Department. The court, at page 349, stated:

"In its decision, in determining the amount of a lump sum judgment, the court failed to consider that it had granted a judgment in the divorce decree for each payment required, but not paid by the defendant.

"The court was without jurisdiction to modify the amounts to be paid as required by its judgment in the divorce decree. The court has jurisdiction to hear a request for modification, but only as it applies to payments in the future. Due and unpaid installments allowed by the court for the support of a minor child may not be modified."

The same court, however, in the case of *Hoffmann* v. *Hoffmann* (1972), 32 Ohio App. 2d 186, in a split decision held:

"1. Where the circumstances existing at the time of a divorce decree ordering monthly child support payments cease to exist, the legal obligation to make such payments terminate at the same time and not when it is cancelled of record.

"2. Emancipation of a child competent to support

itself discharges a parent from the obligation for its support."

Citing *Wolfe, supra,* the court stated that to compel the father to pay support payments to the mother of an emancipated child would constitute unjust enrichment.

In the most recently reported case, *Asztalos v. Fortney* (1975), 48 Ohio App. 2d 66, the Court of Appeals for Lucas County, in what appears to be a deviation, held that the Juvenile Court did not abuse its discretion in permitting a father of four children who had been ordered to pay to the wife for their support the sum of $65 per week to *sua sponte* reduce the amount on a pro rata basis as each child became emancipated. It is to be noted, however, that the court, at page 70, stated: "Inasmuch as the defendant filed no cross appeal from the decision of the trial court granting a lump sum judgment in a reduced amount for child support, by reducing the same retroactively, it is not necessary for us to harmonize our decision herein with the pronouncements of law by the Supreme Court of Ohio * * *."

From the foregoing, it would seem that under the present status of the law a trial court has jurisdiction to modify a support order as to future installments, whether or not the right is reserved in the decree; but that it has no such power as to unpaid installment support payments which have accrued if the child for whose benefit support was awarded was living and not emancipated at the time of the accrual and unless the right to retrospective modification was specifically reserved in the decree.

The answer to the first issue must, therefore, be in the negative.

Only the court itself has authority to issue judgments and decrees, and its speaks only through its journal entries. Notification to the Bureau of Support could not invoke the jurisdiction of the court. The Bureau of Support, established pursuant to R. C. 2301.34, is responsible only for the enforcement of orders for support and alimony issued by the court. The answer to the second issue is also in the negative.

The motion of the defendant to suspend the order for child support retrospectively during the period he was on strike is overruled. The plaintiff is entitled to have the unpaid accrued installments for child support reduced to a lump sum judgment in the sum of $1,040. This amount may be diminished, however, should the defendant properly invoke the jurisdiction of the court to modify the order by reason of the emancipation of the daughter, Karla.

*Judgment accordingly.*