**Nancy Schneider LOGAN, Plaintiff and Respondent,**

v.

**Edward James SCHNEIDER, Defendant and Appellant.**

**No. 16557.**

Supreme Court of Utah.

March 7, 1980.

---

Donald J. Eyre, Jr., Nephi, for defendant and appellant.

Steve Jackson of Jackson & Jackson, Delta, for plaintiff and respondent.

HALL, Justice:

Appeal from an order of the district court denying a motion by defendant to stay entry of judgment following the granting of plaintiff's motion for summary judgment in an action to enforce a foreign judgment.

Plaintiff and defendant were at one time husband and wife, their marriage having been terminated, however, by a 1960 Ohio decree of divorce. Plaintiff was awarded custody of the parties' minor child but no mention was made of support obligations. Subsequently, plaintiff sought an order which would require defendant to pay child support. On August 18, 1961, the matter was heard and the Ohio court found that the parties had agreed that defendant would pay plaintiff $15 per week for the minor child's support. An order was made to that effect, subject to the court's continuing jurisdiction.

In September of 1967, plaintiff filed with the Ohio court a motion [1] claiming arrearages in child support payments in the amount of $4,695, and praying for a reduction of such arrearages to judgment, together with interest thereon. Defendant was served with a copy of the motion, but no notice of a hearing date was supplied. On December 1, 1967, the court entered an order on the motion, granting plaintiff a judgment in the amount of $4,905.

In 1975, plaintiff again filed a motion with the Ohio court seeking a modification of the original decree in the form of an increase in child support payments, together with a reduction to judgment of accrued arrearages of child support. Defendant received notice of this motion, and of a hearing thereon, which was held April 23, 1975. Prior to the hearing, defendant filed a "declaration" with regard to the motion filed by plaintiff, in which he alleged part payment of the claimed arrearages, together with inability to make increased payments, and various circumstances in derogation of plaintiff's claim of necessity pursuant to the prayer for increased payments. Following the hearing, the court found that since the 1967 judgment, defendant had been paying $60 per month but had not paid anything towards the judgment. The court thereupon issued a certificate of judgment incorpo-

---

1. A court granting a divorce in Ohio retains continuing jurisdiction over the parties and the dispute, with subsequent action being invoked by motion. Rule 75(I), Ohio Civil Rules.

rating the amount granted under the 1967 judgment (plus interest at 6% per annum) and added $380 (based on a miscalculation by defendant of prior support payments), for a total of $7,902.84.

In 1977 defendant became a resident of Utah and in August of 1978, plaintiff brought suit in this jurisdiction to enforce the 1975 Ohio judgment. Plaintiff moved the court to grant summary judgment, which was granted, over defendant's objection, in the full amount of the Ohio judgment. Defendant thereupon filed a motion to stay the entry of judgment, which the court denied. From that ruling defendant takes the present appeal.

On appeal, defendant asserts that the Ohio judgment is not entitled to full faith and credit[2] in Utah. His principal arguments are that Ohio lacked jurisdiction to enter judgment against him and that his rights to due process were violated. Specifically, defendant challenges various aspects of the 1967 judgment, including inadequacies of the motion and its service, absence of a notice of hearing, and defects in the judgment itself. Defendant then challenges the validity of the 1975 judgment as being a mere computation of what was owed under the invalid 1967 judgment.

■ We need not address the propriety of the 1967 judgment inasmuch as any jurisdictional defects present there were cured when, in 1975, defendant filed his "declaration" with the court. In that document defendant indicated that he had received a copy of plaintiff's motion and then proceeded to respond to the claims. In the declaration, defendant specifically acknowledged an "arrearage owed." Of particular importance is the absence of any claim that Ohio lacked jurisdiction over defendant.[3]

Through his declaration, defendant has therefore answered plaintiff's motion which must be treated as a general appearance whereby defendant has exposed himself to the jurisdiction of the Ohio court.

Defendant seems to suggest that to so construe the 1975 judgment is to treat it as a new claim for the arrearages owed, and that when so construed, it is untimely.[4] The Ohio courts have explicitly held that in Ohio there is no statute which prescribes that judgments or actions on judgments (including court-ordered support payments) are subject to any limitation.[5] The 1975 action is therefore not barred.

■ Defendant's final point is that the enforcement of the Ohio judgment is barred by Utah law. U.C.A., 1953, 78–12–22 provides that an action upon a judgment or decree of any court of the United States must be brought within eight years. Construing this case as being one to enforce the 1975 judgment, as we have, the above limitation statute as been complied with fully.

The judgment of the district court is hereby affirmed. Costs to plaintiff.

CROCKETT, C. J., and MAUGHAN, WILKINS and STEWART, JJ., concur.

2. United States Constitution, Article IV, Section 1.

3. This Court has held that an appearance by a defendant for any purpose other than to object to jurisdiction, constitutes a general appearance. *Barber v. Calder*, Utah, 522 P.2d 700 (1974). The Ohio court specifically held that "Defendant did appear through the filing of a Declaration with this Court." Where no objection has been made to jurisdiction, a plea or answer to the merits of a claim is always considered a general appearance. 5 Am.Jur.2d, Appearance § 16.

4. Defendant claims a six-year statute of limitations on child support arrearages, citing Ohio Revised Code Annotated, § 2305.07.

5. *DeCamp v. Board*, 94 Ohio App. 367, 115 N.E.2d 403 (1953).