ANGELA RAVAUD, Respondent, *v.* JEAN RAVAUD, Appellant.

First Department, April 12, 1948.

*Bernard Sternlight* of counsel (*Jules Jacobs,* attorney), for appellant.

*Parnell J. T. Callahan* of counsel (*Louis Merlino* with him on the brief), for respondent.

CALLAHAN, J. On March 10, 1947, the plaintiff wife was awarded a judgment of separation in this action on the ground of abandonment. The defendant thereafter allegedly established a residence in Nevada and instituted an action for absolute divorce in the courts of that State. On August 4, 1947, the husband was personally served in this State with the summons and complaint in an action by the wife to enjoin the prosecution of the foreign divorce proceedings and for other

relief. The basis of the injunction suit was the husband's alleged lack of bona fide domicile in Nevada and that no personal jurisdiction of the wife had been acquired in the foreign action for divorce.

The plaintiff has now moved in this action for an order modifying the final decree of separation so as to provide for an allowance of counsel fees for services rendered by her attorney in the action for injunctive relief against the continuance of the husband's suit for divorce in the state of Nevada. The Special Term has held that the plaintiff wife was justified in the maintenance of her injunction suit to protect the decree of separation in her favor in this action. (See *Pereira* v. *Pereira*, 272 App. Div. 281.) The plaintiff's motion was granted and the judgment of separation modified to provide for counsel fees in the sum of $1,500 for the purpose of prosecuting the wife's action for an injunction against her husband in his attempt to dissolve the marriage.

On this appeal the defendant contends that the court exceeded its authority in granting an allowance of counsel fees in this separation action to enable the plaintiff to prosecute another and distinct proceeding for an injunction and other relief.

The plaintiff, however, urges that the court is authorized to modify the judgment in the separation action by requiring the defendant to pay the legal expenses of his wife in defending the judgment of separation by an action to restrain the husband from prosecuting a suit for absolute divorce in another State. In this connection it should be noted that the defendant has not directly attacked the judgment of separation between the parties. If the plaintiff's claims as to the husband's lack of domicile in Nevada and absence of jurisdiction over her person in the divorce proceedings in that State are correct, any decree of divorce issuing from the foreign courts in favor of the husband will not be entitled to full faith and credit nor immune from attack as to its validity in an appropriate action in the courts of this State (*Williams* v. *North Carolina*, 325 U. S. 226; *Esenwein* v. *Commonwealth*, 325 U. S. 279). Even if the husband has acquired a sufficient domicile in Nevada, the alimony provisions of the prior judgment of separation rendered in favor of the wife by the courts of this State will not be cancelled by any decree of divorce procured by her husband in the Nevada proceedings where the courts of that State are without jurisdiction over the person of the wife (*Estin* v. *Estin*, 296 N. Y. 308).

Though the circumstances may justify the wife in seeking injunctive relief to protect her marital status, the right to an award of counsel fees does not necessarily follow from the mere existence of a cause of action for an injunction. The right to counsel fees does not obtain in every action brought by a wife against her husband. This right is a matter of statutory regulation. The existence of statutory provisions with respect to the allowance of counsel fees in actions for divorce or separation has been regarded as limiting the power of the court to grant such relief (*Johnson* v. *Johnson*, 206 N. Y. 561, 566; see *Lake* v. *Lake*, 194 N. Y. 179, 182–183). However, it was held in *Higgins* v. *Sharp* (164 N. Y. 4) that the court had the power to grant temporary alimony and counsel fees in an action against the wife for annulment of marriage as an incident of its jurisdiction to entertain the action, even though the then existing provisions of the Code of Civil Procedure (§§ 1742 *et seq.*) authorizing and regulating actions to annul a marriage were silent as to alimony and counsel fees.

The right to counsel fees in matrimonial and related actions is now governed by sections 1169 and 1169-a of the Civil Practice Act.

It is provided that in an action for divorce, separation or annulment, or to declare the nullity of a void marriage, the court may require the husband to pay any sum necessary to enable the wife to carry on or defend such action (Civ. Prac. Act, § 1169). This section has been construed to support an award of counsel fees in opposing an application to modify the alimony provisions of a final judgment of separation upon the theory of the continuing pendency of the action (*Fox* v. *Fox*, 263 N. Y. 68). In our opinion, however, the statute limits the right of a wife to an award of counsel fees for the services of her attorney in the separation action itself. It affords no right to an allowance in that action for legal services rendered on behalf of a wife in another and distinct action for injunctive and incidental relief against the husband.

The provisions of section 1169-a of the Civil Practice Act authorize an award of counsel fees to a wife in an action to declare the validity or nullity of a foreign judgment of divorce. It is clear, however, that this section has no application to the present case where neither party has sought a declaration of marital status. It is only necessary to point out that the award of counsel fees to the wife has been made by way of modification of the final decree in this action for separation.

Our attention has been called to the decision in *Gibson* v. *Gibson* (266 App. Div. 975) affirming an order in a separation action allowing counsel fees to enable a wife to defend a suit by the husband for a declaration as to the validity of a foreign judgment of divorce. The *Gibson* case, which was decided prior to the adoption of section 1169-a of the Civil Practice Act and before the decision in *Estin* v. *Estin* (296 N. Y. 308, *supra*), appears to rest in part on the basis of the power of the court to grant such relief as an incident of its general jurisdiction over the action. This much is indicated by its reliance on the authority of *Higgins* v. *Sharp* (*supra*). In any event the *Gibson* case is distinguishable on its facts and relates to an allowance of counsel fees for the defense of a suit brought by the husband rather than the prosecution of an action instituted by the wife. Apart from this, however, we would not be disposed to hold in the exercise of incidental power that an award of counsel fees may be made in a separation action for legal services rendered in a suit by the wife for injunctive relief against her husband in view of the provisions of the statute limiting such allowance to counsel fees for carrying on or defending the separation action itself (Civ. Prac. Act, § 1169). Where the Legislature has seen fit to limit or confine the right of a wife to an award of counsel fees in the action for separation, it seems to us that such limitation is controlling.

The order appealed from should be reversed, without costs as a matter of law and not in the exercise of discretion, and the motion denied.

PECK, P. J., DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Orders unanimously reversed as a matter of law and not in the exercise of discretion, without costs, and motion denied.