DAISY P. S. DUCKWORTH, Plaintiff, *v.* WILLARD G. DUCKWORTH, Defendant.

Supreme Court, Special Term, New York County, March 9, 1951.

*E. F. W. Wildermuth* for plaintiff.

*Amos S. Basel* for defendant appearing specially.

BENVENGA, J. This is a motion to amend a final judgment of separation.

The plaintiff instituted an action for separation, alleging her husband had abandoned her. The defendant, who appeared by an attorney, defended on the ground that the plaintiff had in fact abandoned him. In June, 1950, after trial, this court granted plaintiff a judgment of separation and awarded her permanent alimony. Thereafter, in September, 1950, defendant

filed a suit for divorce in the State of California based upon plaintiff's alleged desertion of him. The plaintiff has not appeared in that action, either specially or generally. Instead, she has applied for an order to amend the judgment of separation, so as to enjoin defendant from prosecuting the action, alleging that the judgment in such action would nullify the force and effect of the judgment of separation herein. Copies of the motion papers were served on the attorney for defendant in the separation action. That attorney has appeared specially. Asserting he no longer represents defendant, he asks to be relieved from further participation in this action. Defendant has not been served either personally or otherwise; nor has he appeared herein.

In support of the motion, plaintiff relies upon the recent decision of the Court of Appeals in *Garvin* v. *Garvin* (302 N. Y. 96). In that case, plaintiff sued her husband for separation and he appeared generally. While the action was still pending, the defendant went to the Virgin Islands, a territory of the United States, and there commenced an action for divorce. Instead of appearing in the action, she applied for an order to restrain the defendant from prosecuting the action. Appearing specially, the attorney for defendant in the separation action contended that the motion was not incidental to any of the issues in the separation action, and that defendant's general appearance in the separation action did not give the court jurisdiction of the motion. It was held that, during the pendency of the separation action (Civ. Prac. Act, § 878), the court had jurisdiction to entertain the motion and to issue a restraining order.

The *Garvin* decision (*supra*) is distinguishable. In that case, defendant appeared generally in the action and the action was still pending. Here, the separation action has proceeded to final judgment, and the question is whether, under the circumstances, the final judgment may be amended by including therein a restraining provision.

As a general rule, a court is without authority to amend or modify a final judgment in any substantial respect; nor, perhaps, in any respect other than to make it conform to the decision or verdict (*Herpe* v. *Herpe,* 225 N. Y. 323, 325, 327; Carmody's Manual of New York Civil Practice, § 490). The only exception to the rule, so far as is here pertinent, is that, as an incident to the general jurisdiction of the court in matrimonial actions, it has authority, inherent and statutory, to amend or modify a final judgment or decree to the extent necessary to provide

suitably for the wife's support, or for the education and maintenance of children, or in some other incidental respect (Civ. Prac. Act, § 1170; *Fox* v. *Fox,* 263 N. Y. 68, 70, 71; *Ravaud* v. *Ravaud,* 273 App. Div. 507, 509–510). It is clear, however, that if the relief sought is not incidental to the matrimonial action, then this court is without jurisdiction to amend or modify the judgment. The remedy, if any, is a new and independent action — either an action to enjoin the prosecution of the foreign suit for divorce (*Pereira* v. *Pereira,* 272 App. Div. 281, 284–289), or an action to declare the nullity of the foreign judgment (Civ. Prac. Act, § 1169-a; *Ravaud* v. *Ravaud, supra,* pp. 509–510). Nor would this court have jurisdiction of either such action, unless the defendant were served in the manner provided by law (Civ. Prac. Act, §§ 225, 230, 231, 232-a, 235; Rules Civ. Prac., rule 21). Service of process or motion papers upon the attorney for defendant in the original action would clearly be insufficient (*Robinson* v. *Robinson,* 254 App. Div. 696, affd. 279 N. Y. 582; *Evans* v. *Evans,* 273 App. Div. 895; *Long* v. *Long,* 196 Misc. 982). Nor would plaintiff's rights under the judgment of this court be affected, even if she should fail to effect personal service of process within the State and the defendant were to succeed in obtaining a foreign decree of divorce; for, if she did not appear in the action, she would not be bound thereby, nor would the judgment destroy her rights to alimony (*Estin* v. *Estin,* 296 N. Y. 308, affd. 334 U. S. 541; *Garvin* v. *Garvin, supra*; *Pereira* v. *Pereira, supra,* pp. 283–289).

The motion is, therefore, denied without prejudice to a plenary action.