Louise Wolbert, Plaintiff, *v.* George A. Wolbert, Defendant.

Supreme Court, Special Term, Queens County, May 7, 1953.

*Rodin & Rodin* for plaintiff.

*George A. Wolbert,* defendant in person.

Hallinan, J. By an order to show cause, dated April 21, 1953, the plaintiff moved for an order '' modifying the final judgment of separation entered in this action on March 9th, 1944, and as thereafter modified, to be further modified to the extent of including a provision for an injunction enjoining and restraining the defendant from prosecuting an action for divorce in the Pulaski Chancery Court in the State of Arkansas which action is entitled, George A. Wolbert, plaintiff, against Louise Wolbert, defendant and bears No. 97252 and restraining and enjoining the commission and continuance of any act or acts on the part of the defendant, his servants, agents and/or employees in the further-

ance of the same, and in violation of the plaintiff's rights respecting the subjection of the action and tending to render the judgment of this court ineffectual ''. Said order to show cause provided that service of the motion papers on the defendant personally, on or before April 25, 1953, be deemed good and sufficient service or, in the alternative, a copy of the papers be served, on or before said date, on the defendant by mail at an address in Queens County and at another address in Little Rock, Arkansas.

The court has received a letter from the defendant, dated May 1, 1953, and postmarked in Little Rock, Arkansas, acknowledging receipt of the foregoing motion papers, but objecting to the mode of service thereof since he was not given sufficient time to contact an attorney in New York. In any event, he seeks a denial of the motion. This letter was opened and read by the attorney for the plaintiff in open court on the return day of this motion.

It appears from the papers on file that on or about September 9, 1943, the plaintiff commenced an action against the defendant for a separation and for maintenance for herself and the two children of the parties, claiming that he had been guilty of cruel and inhuman conduct. The case was tried on December 7, 1943, and a final judgment of separation was rendered in favor of the plaintiff on March 9, 1944, and was entered in the office of the clerk of this court on March 14, 1944. There were a number of subsequent modifications of said judgment with respect to the payment of alimony which are not relevant to this application.

Plaintiff's counsel urges that his client is entitled to a modification of her final judgment of separation so as to enjoin the defendant from prosecuting the action for divorce which he has instituted against the plaintiff in the courts of the State of Arkansas. He relies upon section 1169 *et seq.* of the Civil Practice Act, which he urges had the effect of writing a reservation into the judgment of separation, dated March 9, 1944, which continued the court's jurisdiction over the parties and over matters incidental to the judgment.

It is undoubtedly true that under section 1170 of the Civil Practice Act the jurisdiction of the court over the parties and over matters incidental to the subject matter of a matrimonial judgment is prolonged. (*Fox* v. *Fox,* 263 N. Y. 68.) The question is, however, whether the restraint of the prosecution of a divorce action in the courts of a sister State by one of the parties constitutes subject matter incidental to a final judgment of separation. The courts have uniformly held that it does not. (*Long*

v. *Long,* 196 Misc. 982; *Duckworth* v. *Duckworth,* 200 Misc. 10.)

Recently the following situation was presented to the Appellate Division of the Second Department in *Munitz* v. *Munitz* (281 App. Div. 895). There a final judgment of separation in favor of the wife was modified by incorporating therein a provision enjoining the husband from prosecuting a divorce action in a foreign State. Thereafter the husband moved to vacate the order of modification and the wife cross-moved for an allowance of counsel fee. The husband's motion was granted and the wife's cross motion denied. The Appellate Division unanimously affirmed, observing: " The court was without jurisdiction to make the order enjoining the defendant in the light of the fact that a final judgment of separation had been entered prior thereto."

Accordingly, the plaintiff's motion is in all respects denied without prejudice, however, to the commencement of a separate action to enjoin the prosecution of the foreign divorce action or to declare the nullity of the judgment of divorce if and when it has been rendered. (*Duckworth* v. *Duckworth, supra.*) Submit order.