KATHLEEN S. WHITE, Plaintiff, *v.* JOSEPH WHITE, Defendant.

Supreme Court, Special Term, Westchester County, March 24, 1954.

*William F. Horan* for plaintiff.

*Benjamin H. Wisner* for defendant.

EAGER, J. This is an application under section 1171-b of the Civil Practice Act by plaintiff wife in separation action to enter judgment for amount of unpaid installments of *temporary* alimony accrued by virtue of order of this court as modified. It appears that judgment of separation in the wife's favor was rendered in the action on November 4, 1952, and that such judgment provides for payment to her of certain sums weekly for support of wife and child of the marriage and for custody in the wife of the child of the marriage, with certain visitation privileges in favor of the husband.

Inasmuch as the judgment in this action was rendered in favor of the wife, the rendition thereof does not deprive the court of the power under section 1171-b of the Civil Practice Act, to direct the entry of a money judgment for the arrears of unpaid temporary alimony. (*Wormley* v. *Wormley,* 267 App. Div. 85; *Mazer* v. *Mazer,* 276 App. Div. 733, mod. 301 N. Y. 774; *Polizotti* v. *Polizotti,* 305 N. Y. 176, 179.) However, the statute expressly provides that the entry of such a judgment should be in the discretion of the court. The remedy is a summary one which may be withheld in the discretion of the court. This particular motion is, therefore, denied without prejudice for the following reasons: *First,* the wife apparently holds very lightly

the directions of this court. She has taken the child of the marriage to the State of Florida in disregard of the express provisions of the decree of the court that the defendant shall have the child on one day each week end. Clearly it was her duty to apply for permission of the court before taking such steps. On the one hand, plaintiff wife seeks the favor of the court, while on the other hand she pays no attention to what it has heretofore decreed. Therefore, she is not entitled to invoke the discretionary powers of the court to give her judgment in a summary manner. *Secondly,* The husband has been complying with the terms of the judgment with respect to the payment of permanent alimony. For all that appears, he has been and will be unable to pay anything additional. The allowance of entry of judgment would place the wife in the position to harass and annoy the defendant, and the court should not aid her in this connection.

There is a cross motion before the court for various relief. It is denied. There is no power in the court in this action after the rendition of the final judgment to issue a temporary injunction restraining the plaintiff from instituting or prosecuting an action in Florida to recover a divorce against the defendant. (See *Jaccarino* v. *Jaccarino,* N. Y. L. J., Feb. 13, 1953, p. 499, col. 8, and *Pereira* v. *Pereira,* 272 App. Div. 281. Also, *Wolbert* v. *Wolbert,* 206 Misc. 44, citing *Long* v. *Long,* 196 Misc. 982; *Duckworth* v. *Duckworth,* 200 Misc. 10, and *Munitz* v. *Munitz,* 281 App. Div. 895.)

In any event, it does not satisfactorily appear as a matter of fact that the plaintiff is about to institute such an action. (See *De Raay* v. *De Raay,* 255 App. Div. 544, affd. 280 N. Y. 822, and *Sivkoff* v. *Sivkoff,* 280 App. Div. 106.)

That part of the cross motion by defendant seeking custody of the child is denied without prejudice. It does not appear that it is in the interests of the child that the defendant have custody thereof or that he has a suitable home for the care and upbringing of the child.

That part of the cross motion seeking to modify the judgment herein to cancel or decrease the payments directed to be made to the plaintiff for support of herself and child is denied, without prejudice. Failure to abide by visitation provisions would not justify the court in withholding support for the child of the marriage. (See *Blumberg* v. *Blumberg,* 117 N. Y. S. 2d 906; *Altschuler* v. *Altschuler,* 246 App. Div. 779, 248 App. Div. 768;

*Almandares* v. *Almandares,* 186 Misc. 667, 673, and *Moses* v. *Moses,* 193 Misc. 890, 895.) And the court is not justified on the showing in the present papers to fix an amount solely for the support of the child and to reduce the installments payable under the decree to the extent of the difference.

The denial of the cross motion is without prejudice to such proper remedies as the defendant may have in the event the wife persists in disregarding the visitation provisions of the decree or takes some definite step toward instituting a suit for divorce in the courts of Florida.

Submit order on notice.