ELKIND, APPELLANT, *v.* HARDING, APPELLEE.

(No. 8296—Decided May 27, 1957.)

*Messrs. Cors, Hair, Hartsock & Schneider* and *Mr. Irving Harris,* for appellant.
*Mr. Edgar I. Shott, Jr.,* for appellee.

LONG, J. Plaintiff seeks a judgment for $1,800 against defendant for delinquent payments for child support. The trial court found for defendant, and this is an appeal on questions of law from the judgment of that court.

Plaintiff, appellant here, was divorced from defendant, appellee here, in April 1954, in the Domestic Relations Court of Hamilton County. The decree of divorce gave the plaintiff custody of the minor child of the parties and provides, among other things, as follows:

"* * * however, said child is not to be removed from the jurisdiction of this court for any purpose whatsoever without leave having first been obtained from this court."

"It is further ordered that the defendant pay to the plaintiff the sum of twenty (20) dollars per week for the care, comfort and support of said minor child until further order of this court."

It appears from the record that defendant made six payments of $20 each, ceasing said payments on June 19, 1954, because, as he claims, the plaintiff removed said child to the state of California in violation of the order of the court.

The question for this court to decide is whether such removal of the child, without the court's approval, is a defense as to the payment order for the child's support, or, to put the matter in another way, is the child's presence in the jurisdiction of the court a condition precedent to the father's payment of the support money for his child? The answer is, no.

It is the law and the policy of the courts in matters of this kind to seek the best interests of the child. According to the judgment of the trial court, the case having been tried without a jury, the decree of divorce means that the defendant must pay for the child's support so long as the child remains in Hamilton County. With this construction, we can not agree. We are not unmindful of the hardships which sometimes occur when the parent, who is awarded custody of a child in a divorce case, removes the child from the jurisdiction of the court and it becomes expensive and greatly inconvenient for the other parent to enjoy his visiting privileges. However, this can be avoided by decree of court and should not affect the primary duty of the father to support his child.

Our examination of the law brings us to the conclusion that the law of Ohio and the better considered authority are to the effect that the accrual of installments of child support gives a right to the mother of the child to the payment of the allowance, which can not be taken from her, even by the court who awarded the child's support unless it retains jurisdiction over not only future payments but those which have accrued. As stated in *McPherson* v. *McPherson,* 153 Ohio St., 82, 90 N. E. (2d), 675, "due and unpaid installments allowed by the court for the support of a minor child may not be modified."

Again, the Supreme Court of Ohio, in *Armstrong* v. *Armstrong,* 117 Ohio St., 558, 160 N. E., 34, 57 A. L. R., 1113, cited

with approval the decision of the Supreme Court of the United States in the case of *Sistare* v. *Sistare*, 218 U. S., 1, 54 L. Ed., 905, 30 S. Ct., 682, 28 L. R. A. (N. S.), 1068, 20 Ann. Cas., 1061, to the effect that accrued installments are final judgments, which can not be modified, unless the court retains jurisdiction over those installments accrued, as well as those to accrue. The Supreme Court of the United States also held that there is such finality as to *due and unpaid installments* for support of a minor child as entitles them to the benefit of the full faith and credit provisions of the federal Constitution.

Again, in the case of *Roach* v. *Roach,* 164 Ohio St., 587, 132 N. E. (2d), 742, an attempt was made to levy execution based on the accrued unpaid installments for the support of a minor child, and the court held that, for the purpose of execution, the unpaid but accrued installments must be reduced to a lump-sum judgment. In his opinion, at page 590, Judge Hart referred with approval to the *McPherson* and *Armstrong cases,* as follows:

"This court has held that an order to pay installments for alimony or support of minor children incorporated in a decree of divorce, is a 'judgment' for the amount of the installments which are accrued and due, within the definition of that term as contained in Section 11582, General Code (Section 2323. 01, Revised Code)."

See, also, the case of *Bilenkin* v. *Bilenkin,* 78 Ohio App., 481, 64 N. E. (2d), 84, where the same doctrine of finality as to a child-support order rendered a father subject to contempt for failure to pay accrued installments, notwithstanding the mother's violation of a court order directing her to deliver the child to the father.

We have been referred to two decisions of the Supreme Court of Minnesota, which court apparently does not follow the reasoning of the Ohio courts. It is our opinion that the Ohio and the Supreme Court of the United States rule is the better reasoned rule, which we feel we must follow.

Some point is made of the fact that, when the plaintiff violated the order of the court in removing the child from the court's jurisdiction, she became subject to the doctrine of estoppel and can not collect the accrued installments. We note also

that when she went to California the defendant sent to his daughter a letter as follows: "Dearest Daughter: Everything is O. K. I am glad that Dot [the plaintiff] took you out of the state." By this letter, did not the defendant lull the plaintiff into the belief that he, at least, was not complaining about the removal of his child to another jurisdiction? In sound reasoning, is not the defendant likewise estopped? Could he not have applied to the court and complained of the removal? We think he could have done so. Having done nothing but let the installments pile up, we think he should repay the mother of his child for the support which she supplied, the responsibility of which is his primary obligation and which the defendant is now seeking to avoid.

The judgment of the Court of Common Pleas of Hamilton County is reversed, and final judgment entered in this court for plaintiff.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.