KAISER *v.* KAISER.

1. DIVORCE—CUSTODY OF CHILDREN—CHANGE OF CIRCUMSTANCES—
   MODIFICATION OF DECREE.

   The fact that plaintiff wife had kept the son of the parties in
   Ohio for most of 5 years following decree of divorce in which
   husband had been accorded custody of the boy and wife the
   custody of their daughter did not constitute such a change
   of circumstances as to entitle the wife to modification accord-
   ing her custody of both children, as she seeks, nor entitle the
   husband to custody of both children, where both persons are
   fit to have the custody of the children as provided by the decree.

2. SAME—CONTEMPT—CUSTODY OF CHILDREN.

   Changing the custody of a daughter of the parties is not the
   proper means for enforcing the court's decree or punishing
   the mother for her contempt for its violation by taking both
   children of the parties out of the State contrary to the terms of
   the decree.

3. SAME—COSTS—NEITHER PARTY PREVAILING IN FULL.

   No costs are allowed on appeal in proceedings to modify decree
   of divorce as to custody of the 2 children of the parties, where
   neither party has prevailed in full.

Appeal from Gratiot; Davis (Morris K.), J., pre-
siding. Submitted April 10, 1958. (Docket No. 40,
Calendar No. 47,464.) Decided June 12, 1958.

Bill by Wilda B. Kaiser against Anthony A.
Kaiser for divorce. Decree, granted on cross bill,
provided for divided custody of children. Petition

REFERENCES FOR POINTS IN HEADNOTES

[1] 17A Am Jur, Divorce and Separation § 837 *et seq.*
[2] 17A Am Jur, Divorce and Separation §§ 832, 833.
[3] 14 Am Jur, Costs §§ 97, 98.

by each party for modification. Decree modified granting defendant custody of both children. Plaintiff appeals. Reversed and modifying order vacated.

*Baker & Baker* (*Robert J. Baker,* of counsel), for plaintiff.

*Curry & Curry,* for defendant.

Dethmers, C. J. Defendant husband was granted a decree of divorce on April 17, 1952. Custody of the 7-year-old son was awarded to him and of the 5-year-old daughter to plaintiff mother. The decree prohibited the parties from taking either of the children out of Michigan for the purpose of making a permanent change of the child's residence without the consent and order of the court.

In August, 1952, plaintiff, having the right to custody of the son for that month, took him and has retained him in her custody ever since, during most of that period keeping him in the State of Ohio without the consent of the court. She has filed 2 successive petitions for modification of the decree to award custody of the son to her, and inconclusive hearings were had thereon. In response to the last petition, defendant filed a counterpetition for modification of the decree to award custody of both children to him. Keeping the children in Ohio, plaintiff defied an order of the court requiring her to surrender the children to the friend of the court so that defendant might have the daughter for a 1-month visit and the son permanently, as in the decree provided.

On April 4, 1957, a final hearing was had on plaintiff's last petition and on defendant's counterpetition. The court found, in effect, that both plaintiff and defendant were fit to have custody and had

homes which would be good for the children but declined to modify the decree to award custody of the son to plaintiff and, thus, to sanction what plaintiff had forcibly accomplished by violating the decree, inasmuch as the court felt that this would amount to rewarding her for contempt of court in keeping the children out of Michigan and refusing defendant his rights of custody under the decree. Apparently with that same consideration in mind, the court did order the decree modified so that custody of both the son and daughter was awarded to defendant. Plaintiff appeals, asking that such order be reversed and that, in its stead, an order enter modifying the decree so as to award custody of both children to her.

The record is devoid of proofs showing any change of conditions for the worse, since decree, with respect to the fitness of either party to have custody as in the decree provided. The only significant difference in circumstance shown relative to the children is that while at the time of the decree the son was in the custody of his father, for the period of almost 5 years thereafter and previous to the hearing on April 4, 1957, he had been, by reason of plaintiff's taking and keeping him in defiance of the decree, in her custody, most of the time in Ohio. That does not constitute such change of circumstance as to entitle plaintiff to the modification she requests. Neither does it appear that plaintiff's protracted violation of the decree by keeping the son in Ohio and denying his custody to defendant as in the decree provided has created a changed situation under which custody in the father would no longer be in the best interests of the son as the court clearly must have found that it would be at the time of entry of the decree. Absent such showing of change of circumstance warranting or requiring modification in the best interests of the children, the decree

should have been left undisturbed. *Bishop* v. *Bishop,* 286 Mich 567; *Sims* v. *Sims,* 298 Mich 491; *Losie* v. *Losie,* 323 Mich 300; *Sweet* v. *Sweet,* 329 Mich 251. Changing custody of the daughter is not the proper means for enforcing the court's decree or punishing the mother for contempt for its violation.

The order modifying the decree is reversed and set aside. No costs, neither party having prevailed in full.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.