Naomi E. JACKSON, Appellant,

v.

Franklin B. JACKSON, Appellee.

No. 15163.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 25, 1959.

Decided March 10, 1960.

Petition for Rehearing Denied April 5, 1960.

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

Bazelon, Circuit Judge, dissented.

Mr. Rex K. Nelson, Washington, D. C., with whom Mr. Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Mr. George H. Windsor, Washington, D. C., with whom Mr. George E. C. Hayes, Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

The appeal is from orders of the District Court of April 6, 1959, (1) correcting the provision of a judgment of February 2, 1954, by which appellee husband was required in certain circumstances to pay to appellant wife $20 a week for the permanent maintenance of their two minor children, whose custody was awarded to the wife; and (2) vacating an order of November 14, 1958, in favor of the wife against the husband for $3,960 alleged arrearages in the maintenance payments.

(1) The basis for the court's corrective action was that, while not explicitly so stated in the judgment of February 2, 1954, the provision therein for maintenance of the children by the husband was to be "only and when the children are in this jurisdiction; or subject to any such appropriate supplemental order or orders as may be passed by the Court upon application by the plaintiff [appellant], for temporary removal of the children from the jurisdiction."

The judge had stated orally to the parties in open court before signing the judgment of February 2, 1954, that the husband "is in no position to support you [the wife] and the children both. * * * both of you are to blame * * *. I will order him to pay only and when the children are brought into the jurisdiction, twenty dollars a week for their maintenance. So you had better bring them back in and don't take them out without permission of the Court." He had further stated that payments would be suspended until the children were brought back into the jurisdiction, and he had delayed signing the judgment until this occurred.

Though as we have said the judgment as actually signed was not explicit in the respect intended it did provide that the husband should have the right to visit with the children "at reasonable times and places," which we think contemplated that the children would remain in this jurisdiction. That the parties themselves so understood is indicated by their conduct; payments ceased when plaintiff moved with the children to Massachusetts in September 1954, about seven months after the judgment, without court permission. She made no demand upon her husband until October 1, 1958.[1]

The court was within its authority in construing the judgment, consistently with its language, in accordance with the contemporaneous intent of the court as well as the understanding of the parties. The underlying premise of the maintenance provision was that the place of residence of the mother and children would be the District of Columbia. To make this clearer the omission of explicitness in that regard could be supplied. Rule 60, Fed.R.Civ.P., 28 U.S. C.A., provides that "errors therein [in judgments] arising from oversight or omission may be corrected by the court at any time * * *."[2]

It is said, however, that the mother's failure to abide the court's order in respect of residence and visitation rights of the father should be enforced only as may be done against her without affecting provision for the children. This may well be, although there is authority to the contrary. Phillips v. Phillips, 1956, 162 Neb. 649, 77 N.W.2d 152; Sanges v. Sanges, 1953, 44 Wash.2d 35, 265 P.2d 278; Eberhart v. Eberhart, 1922, 153 Minn. 66, 189 N.W. 592. Wrongdoing on the part of a mother in such a matter is of course not to be imputed to the children. Maschauer v. Downs, 53 App.D.C. 142, 289 F. 540, 32 A.L.R. 1461. But here the judgment in its correct form simply was not a judgment which required maintenance by the father in the situation which prevailed after the mother moved to Massachusetts, took a new government position there and made a home for the children with their grandmother. We are not now passing upon the question whether the father should have been required to provide maintenance in those circumstances, and, if so, to what extent. We are not justified in requiring recovery from the father of alleged arrearages which never accrued because the circumstances were not within the judgment as validly construed and corrected by the judge who signed it.[3] We may add, also, that nothing in the record now before us shows that the needs of the children suffered by the cessation of the payments in the circumstances of their new home in Massachusetts, but we leave open for future proceedings protection of the interests of the children, as hereinafter explained.

1. Except for a short period in August 1958, the children remained outside the District of Columbia.

2. Here there is no issue as to the effect of lack of notice to the parties in correction proceedings. See Kennedy v. Reid, 101 U.S.App.D.C. 400, 249 F.2d 492; Hayes v. United States, 102 U.S. App.D.C. 1, 249 F.2d 516, certiorari denied 356 U.S. 914, 78 S.Ct. 672, 2 L.Ed. 2d 586.

3. The financial situation of the parties is not shown by the evidence, nor the needs of the children either now or during the period of the alleged arrearages.

■ (2) As to the order vacating the order of November 14, 1958, awarding the appellant $3,960, Rule 60(b) (5) authorizes the court to relieve a party of a judgment or order based upon a prior judgment which has been vacated, provided the motion for such relief is made within a reasonable time. And see 7 Moore, Federal Practice, Para. 60.26[3] (2d Ed. 1955). Here the motion was made within a few months of the order of November 14, 1958. No intervening rights of appellant appear to have been prejudiced. The time accordingly was quite reasonable.[4]

■■ In affirming, however, we do so without prejudice to reconsideration by the District Court, upon request, of the question of maintenance for the children by the father, who has a primary obligation in that regard, having in mind the welfare and needs of the children, in the past as well as the present and the future, and regardless of where they are or have been, and having in mind also the situation of the parents and any other relevant factor. In other words, though the court was within its authority in correcting its judgment to conform with the decision it had originally made, the court in appropriate proceedings has the obligation to protect the interests of the children, and of their parents in relation thereto, as these interests may be made to appear.

Affirmed.

BAZELON, Circuit Judge (dissenting).

In the divorce decree filed February 2, 1954, the District Court granted custody of the two minor children to the wife with rights of visitation to the husband. There was no provision for alimony but the husband was ordered to pay $20 per week for the support of the children, then two and three years of age. The order did not include a provision requiring the wife to keep the children in the District of Columbia. But it is clear from the record that the District Judge intended, and the parties fully understood, that this requirement was a condition for the payment of the support money. The wife nevertheless removed the children from the District.

It is undisputed that the provision directing the husband to pay support money was based upon a determination of the children's needs and his ability to pay. There is no finding or evidence in the record upon the divorce decree that either their needs or his ability were contingent on where they lived, or that the proscription against removing them from the District of Columbia was required by any considerations related to their welfare.

At the hearing on the husband's motion to vacate the judgment for arrearages, etc., the court made clear that it had originally proscribed removal of the children on the ground that the husband's right " 'To visit with the said children at reasonable times and places' * * * means in the District of Columbia, and not going up to Massachusetts." But when the wife's counsel reminded the court that only visitation rights were at stake, the court responded:

"No, there is more than that to it. If you were dealing only with that aspect of the case, then that would be simple. But there is something else again. It is a question as to whether or not there was fraud perpetrated upon the court. That is the point."

4. Should the correction order of April 6, 1959, properly be construed not to constitute a vacation of the judgment of February 2, 1954, because in substance it is only a correction thereof, the principle of Rule 60(b) (5) would still apply and be available under the "any other reason" provision of Rule 60(b) (6), which provides that on motion filed within a reasonable time, and upon such terms as are just, the court may relieve a party of a final judgment for "any other reason justifying relief." See Klapprott v. United States, 335 U.S. 601, 614–615, 69 S.Ct. 384, 93 L.Ed. 266, and Erick Rios Bridoux v. Eastern Air Lines, Inc., 93 U.S.App.D.C. 369, 214 F.2d 207, certiorari denied 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647.

and later:

"* * * I am only concerned with one aspect, I am not concerned with the parties. I am only concerned with whether I was put upon."

There are no findings nor is there any evidence that the proscription against removal was required by, or even consistent with, the best interests of the children.[1] I am willing to assume, however, that that proscription, as well as the provision for support money, is separately valid and enforceable in contempt proceedings. But I submit that the two requirements may not be linked, and the second made contingent upon the first, without consideration of the children's welfare. Without such consideration, the effect is to punish the wife, without benefit of contempt proceedings, by automatically depriving the children of needed support. This, it seems to me, contravenes fundamental public policy which holds that the interests of children override all other considerations. Children cannot be used as levers of enforcement or punishment any more than they can be "used as pawns in a game of legal chess to work out conceptions of status and property rights." Boone v. Boone, 1945, 80 U.S.App.D.C. 152, 154, 150 F.2d 153, 155. Accord, Kaiser v. Kaiser, 1958, 352 Mich. 601, 90 N.W.2d 861.

Accordingly, many jurisdictions hold that "it is not * * * proper to deprive the children of the support to which they are entitled because of the supposed misconduct of the mother." Pendray v. Pendray, 1951, 35 Tenn.App. 284, 245 S.W.2d 204, 206. This is true even though the misconduct places her in contempt of court. In Commonwealth ex rel. Firestone v. Firestone, 1946, 158 Pa. Super. 579, 45 A.2d 923, 924, for instance, the mother permanently removed the

children to Florida in "defiance of the court" and "of the [visitation] 'rights of the father.'" On the father's petition, the trial court suspended his obligation of support while the child was out of the state. The Superior Court reversed, saying:

"[T]he duty of the father to support a three year old child is well nigh absolute. Here the [trial] court relieved the father of his duty to support because of some conduct of the mother not affecting her fitness for custody * * *. Custody and support are two different things. If this mother, by depriving the father of the right of visitation, *were* guilty of contempt of court (which we do not hold), it could subject her, but never the child to penalties; and it does not relieve the father of the duty to support the child under circumstances such as these." 158 Pa. Super. at page 580, 45 A.2d at page 924.

See also Elkind v. Harding, 1957, 104 Ohio App. 322, 143 N.E.2d 752, 753, where the court refused in "the best interests of the child" to construe a divorce decree in such a way that the father's duty to support a child would be conditioned upon the mother's obligation to keep the child within the jurisdiction.

It seems to me that my view also follows this court's decision in Maschauer v. Downs, 1923, 53 App.D.C. 142, 289 F. 540, 543, 32 A.L.R. 1461. There the mother departed the family home without just cause, taking the minor children with her. We held the father liable to a third person for necessaries supplied to the children, saying, "We do not think the conduct of the mother, if improper, should be charged to them [the children]."[2]

---

1. "That the welfare of the child is the primary criterion in custody cases has been reaffirmed many times in this court * * *." Bartlett v. Bartlett, 1954, 94 U.S.App.D.C. 190, 192, 193, 221 F.2d 508, 511, citing cases.

2. Accord: Aaron v. Aaron, 1957, 228 Ark. 27, 305 S.W.2d 550, 552 (father denied

visitation rights: "It is always the duty of the father to support a minor child, 'and no conduct on the part of his wife could free him from his duty'."); Gaidos v. Gaidos, 1956, 48 Wash.2d 276, 293 P. 2d 388, 390 ("The extent of a parent's duty to contribute to the support of his minor child depends upon the child's need

And where, as here, the father's *ability* to support his children has been established, his *duty* to support them is not diminished or terminated because the child is properly cared for by others. "A father of sufficient means must support his child, and it is not a defense that either the mother-custodian, or the child itself, has independent means." Commonwealth ex rel. Firestone v. Firestone, supra. Accord, Pendray v. Pendray, supra; Gaidos v. Gaidos, 1956, 48 Wash.2d 276, 293 P.2d 388. See Keezer, Marriage & Divorce § 727 (Morland ed. 1946); Madden, Domestic Relations 384 (1931).

Finally, it is true that in the instant case the mother presented no evidence showing the children's needs while they were in Massachusetts. But once a support order is entered, any party seeking to modify it must show new circumstances justifying the change. Commonwealth ex rel. Orlowitz v. Orlowitz, 1953, 172 Pa.Super. 481, 94 A.2d 366; Keezer, Marriage & Divorce § 730 (Morland ed. 1946). Moreover, protection of the children's interest does not depend upon the principles which ordinarily govern adversary proceedings. The court stands in loco parentis to the children. Accordingly, where, as here, the parties have failed to present evidence for determining the children's interests, the court must take the initiative by requiring such evidence.

I would therefore set the appealed orders aside and remand the case to the District Court for reconsideration upon a supplemental record and findings respecting the interests of the children. I would also defer decision on the issues relating to the judgment for arrearages and the effect of Kephart v. Kephart, 1951, 89 U.S.App.D.C. 373, 193 F.2d 677, certiorari denied 1952, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702.

and the parent's ability to pay; it is not a *quid pro quo* for the visitation privilege."); Hurt v. Hurt, 1953, 351 Ill.App. 427, 115 N.E.2d 638; White v. White, Sup.Ct.1954, 205 Misc. 1042, 130 N.Y.S.2d 773; Baker v. Baker, 1950, 119 Utah 37, 224 P.2d 192; Note, 33 Texas L.Rev. 749 (1955). Most jurisdictions hold that a father's obligation to support his children is not terminated by the mother's misconduct. 39 Am.Jur. Parent & Child § 40 (1942).