*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VERDINE MAURICE JOSEY,

        Plaintiff-Appellee,

UNPUBLISHED
October 26, 2023

v

No. 365275
Kalamazoo Circuit Court
LC No. 2018-005720-DP

CALMARSHA DELRAE HAYES,

        Defendant-Appellant.

Before: RICK, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

This case arises out of a custody dispute involving the minor child of the parties, CC. During litigation, defendant mother was found in criminal contempt of court and a bench warrant was issued for her arrest to serve 30 days in jail. The order further provided that, upon defendant's arrest, plaintiff father would receive temporary sole legal and physical custody of CC. Defendant appeals by delayed leave granted.[1] For the reasons stated in this opinion, we reverse the trial court's September 14, 2022 order and remand for further proceedings.

## I. BACKGROUND

The parties, who never married, are the parents of CC, who was born in 2017. After plaintiff's paternity was established, a consent order was entered in May 2019, granting the parties joint legal custody of CC, and granting plaintiff parenting time twice a week. Beginning in January 2020, plaintiff filed multiple show-cause petitions alleging that defendant was obstructing or preventing his parenting time visits. Show-cause orders were entered, and an evidentiary hearing began on June 30, 2020, and was continued, but not completed, on July 17, 2020. At these hearings, the trial court heard testimony from the parties, their relatives, and police officers regarding the difficulties that were occurring at parenting time exchanges. At the conclusion of the July hearing, the trial court concluded that CC was scared of plaintiff and that defendant was

_____

[1] *Josey v Hayes*, unpublished order of the Court of Appeals, entered April 17, 2023 (Docket No. 365275).

not trying to alienate CC from plaintiff. On August 19, 2020, the trial court issued a parenting-time order directing that parenting time visits with plaintiff were to resume under certain conditions.

The evidentiary hearing was scheduled to continue on September 18, 2020, but defendant failed to appear. On November 2, 2020, plaintiff again petitioned the trial court for a show-cause order, asserting that defendant had not shown up for any parenting time visits since the September hearing, and the trial court issued an order directing defendant to appear for a show-cause hearing on November 16, 2020.

Defendant did not appear for the November 16, 2020 hearing. However, the trial court determined that no proof of service on defendant had been filed and inquired of defendant's counsel. Defendant's counsel indicated that, while she (counsel) had received the show-cause petition and had forwarded it to her client, this did not constitute proper service, and she objected to proceeding. Counsel went on to say that, to the best of her knowledge, defendant was not "aware of what we're doing today." She also advised the trial court that she had had no communication with defendant and was not sure where defendant was living. Plaintiff's counsel stated that defendant had not shown up for a single parenting time visit since the last hearing, and that plaintiff had been informed by a relative that defendant was "leaving and going to live in Louisville, Kentucky."

The trial court stated from the bench that it found defendant in contempt, that a bench warrant should be issued, and that upon arrest, defendant was to serve 30 days in jail. The trial court also stated that when defendant was arrested plaintiff was to have temporary sole legal and physical custody, noting that defendant was "going to be in jail for a month." However, no written order was entered to effectuate these rulings.

On July 13, 2022, plaintiff again moved for an order to show cause why defendant should not be found in contempt of court for failing to comply with the August 19, 2020 parenting-time order. A show-cause hearing was held in front of a successor trial judge.[2] Ultimately, the trial court directed plaintiff's counsel to submit an order under the seven-day rule reflecting the trial court's rulings at the November 16, 2020 hearing.

On September 14, 2022, the trial court entered an order memorializing its ruling from the November 16, 2020 hearing as described above.

---

[2] The trial judge who previously presided over this case retired before this hearing.

## II. DISCUSSION

### A. CONTEMPT PROCEEDINGS

Defendant first argues that the trial court erred when it held her in criminal contempt of court and sentenced her to 30 days in jail without her receiving proper notice and without any new evidence to prove the charges beyond a reasonable doubt. We agree.[3]

MCR 2.107(B)(1) provides, in pertinent part:

> (B) Service on Attorney or Party
>
> (1) Service required or permitted to be made on a party for whom an attorney has appeared in the action must be made on the attorney except as follows:
>
> * * *
>
> (b) When a contempt proceeding for disobeying a court order is initiated, the notice or order must be personally delivered to the party, unless the court orders otherwise[.]

See also MCL 600.1968(4) ("When proceedings for contempt for disobeying any order of the court are initiated, the notice or order shall be personally delivered to such party, unless otherwise specially ordered by the court.").

Defendant argues that she was never personally served any notice or order in the contempt proceedings. We limit our review of service to the November 2, 2020 petition to show cause and the November 6, 2020 show-cause order.[4]

---

[3] This Court reviews a trial court's contempt order for an abuse of discretion. *Porter v Porter*, 285 Mich App 450, 454; 776 NW2d 377 (2009). An abuse of discretion occurs when the trial court's decision falls outside the range of principled outcomes. *Id*. at 455. A trial court's factual findings are reviewed for clear error. *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). "Clear error exists when this Court is left with the definite and firm conviction that a mistake was made." *Id*. at 669. "Whether a party has been afforded due process is a question of law, subject to review de novo." *Id*. at 668. We also review de novo issues involving the proper interpretation and application of statutes and court rules. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018).

[4] Defendant cites the show-cause orders from: January 22, 2020, March 12, 2020, July 20, 2020, and November 6, 2020. However, because defendant seeks leave to appeal the September 14, 2022 order—which memorialized the trial court's rulings at the November 16, 2020 hearing, and that hearing was held as a result of the November 2, 2020 petition to show cause and the

The record evidence indicates that plaintiff did not complete service as required by MCR 2.107(B)(1) or MCL 600.1968(4) because the November 2, 2020 petition for an order to show cause was not personally delivered to defendant.[5] Although this Court has not been provided with a copy of the proof of service for the November 6, 2020 show-cause order,[6] we may reasonably assume that this also was not personally delivered to defendant, considering that neither plaintiff nor defendant's counsel knew of defendant's whereabouts at that time. Moreover, there is no record evidence that the trial court ordered that the petition or show-cause order did not need to be personally delivered to defendant. Therefore, defendant was not properly served.

While defendant's counsel stated at the November 16, 2020 hearing that she sent "it" (either referring to the petition or order) to defendant, there is nothing in the record to indicate that defendant received either. Although plaintiff did not know where defendant was living in November 2020, he could have moved for an order allowing alternate service. MCR 2.107(B)(1)(b); MCL 600.1968(4). Moreover, although defendant appeared for contempt proceedings in the summer of 2020, the contempt proceeding in November 2020 was a new and distinct contempt proceeding initiated by the November 2, 2020 petition for order to show cause. Accordingly, reversal is warranted in this case because plaintiff's failure to obtain an order for alternative service or to complete personal delivery of the November 2, 2020 petition for a show-cause order and the November 6, 2020 show-cause order resulted in defendant not receiving the proper notice and due process required for the contempt proceedings.[7] See *Porter v Porter*, 285 Mich App 450, 456-457; 776 NW2d 377 (2009).

Defendant also argues that the trial court's contempt finding was not based on any evidence. In criminal contempt proceedings, evidence must establish the contempt beyond a

---

November 6, 2020 show-cause order—we focus our review on the November 2, 2020 petition to show cause and the November 6, 2020 show-cause order.

[5] Although the trial court stated at the November 16, 2020 hearing that there was no proof of service for the show-cause petition, one was in fact attached to the petition and provided that, "Under MCR 2.107(C), service of this document, as well as the proposed Show Cause Order, 4th, was made today upon all attorneys of record or parties if unrepresented by delivery or mail at their respective addresses as disclosed on the pleadings." This was consistent with defendant's counsel's statements at the hearing that she, not defendant, received "the show cause motion" last week, "which would not have been proper service."

[6] Regarding the November 6, 2020 proof of service, defendant's appellate counsel "made diligent efforts to secure the necessary proof of service, reaching out to trial counsel, previous trial counsel, and even the lower court," and appellate counsel has determined that it is likely "that a proof of service was never signed, filed, or served."

[7] Defendant also argues she did not have adequate notice to prepare for criminal contempt proceedings because the trial court's show-cause orders were not clear what type of contempt— civil or criminal—was at issue. Because we conclude that reversal is warranted for plaintiff's failure to personally deliver the November 2, 2020 petition for show-cause order or the November 6, 2020 show-cause order to defendant, we decline to address this issue.

reasonable doubt. *Id*. at 456. Evidence is generally understood as testimony given by witnesses and the admitted exhibits. See M Crim JI 3.5. "A trial court's findings in a contempt proceeding are reviewed for clear error and must be affirmed on appeal if there is competent evidence to support them." *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009).

In this case, the trial court did not hear or receive any evidence at the November 16, 2020 hearing. Plaintiff did not testify at this hearing, and the trial court instead found defendant in contempt after plaintiff's trial counsel stated that defendant had not shown up for a single parenting time visit since the last hearing and that plaintiff was informed defendant was moving to Kentucky. Further, though a motion for a show-cause order should be supported by affidavits, MCR 3.606(A), no affidavit was filed with the November 2, 2020 petition. Thus, in addition to the lack of proper notice, we cannot affirm the trial court's contempt finding because there is no record evidence supporting it.

## B. CHANGE OF CUSTODY

Defendant further argues that the trial court erred when it gave plaintiff temporary legal and physical custody of CC without making any findings pursuant to the Child Custody Act, MCL 722.21 *et seq*. We agree.[8]

Without a finding of proper cause or a change of circumstances, a trial court is prohibited from revisiting a custody determination. *Vodvarka v Grasmeyer*, 259 Mich App 499, 508-509; 675 NW2d 847 (2003). If a trial court determines that proper cause or a change of circumstances exists, it must then determine whether the child has an established custodial environment with one

---

[8] MCL 722.28 governs the standard of review for child custody disputes and states:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

A party "need not preserve an objection to a finding or decision made by the trial court, MCR 2.517(A)(7), or, at least under some circumstances, to other acts or omissions undertaken sua sponte by a court." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020) (quotation marks and citations omitted). In this case, there was no mention of a change in custody until, at the September 18, 2020 hearing, the trial court stated that "in the event that [defendant] continues to fail to appear there will be jail time, and the court will consider changing custody upon the proper motion being filed." Such a motion was never filed, but the trial court nonetheless granted plaintiff temporary sole legal and physical custody at the November 16, 2020 hearing. Therefore, the trial court temporarily changed custody sua sponte, and defendant did not need to preserve an objection to it. See *id*.

or both parents. *Kessler v Kessler*, 295 Mich App 54, 61; 811 NW2d 39 (2011). A trial court's failure to determine a child's established custodial environment cannot be harmless because the determination provides the burden of proof regarding the best interests of the child. *Id*. at 62. If the child has an established custodial environment with one or both parents, custody can be changed only if there is clear and convincing evidence that the change is in the child's best interests. *Foskett v Foskett*, 247 Mich App 1, 6; 634 NW2d 363 (2001). If the child has no established custodial environment, custody can be changed if a preponderance of the evidence shows that the change is in the child's best interests. *Id*. at 6-7. A trial court determines the child's best interests by analyzing the best-interest factors. See *Johnson v Johnson*, 329 Mich App 110, 128-129; 940 NW2d 807 (2019) ("Regardless of whether a court is establishing custody in an original matter or altering a prior custody order, the trial court must determine whether the change of custody is in the children's best interests and, to that end, must make specific findings of fact regarding each of the 12 statutory best-interest factors.").

In granting plaintiff temporary legal and physical custody of CC, the trial court made no findings regarding (1) the existence of proper cause or a change of circumstances, (2) CC's established custodial environment, or (3) CC's best interests.[9] The fact that the custody change was temporary does not excuse the trial court from engaging in the above-described process. A trial court may not temporarily change custody by a postjudgment interim order when it could not do so by a final order changing custody. *Grew v Knox*, 265 Mich App 333, 337; 694 NW2d 772 (2005); *Mann v Mann*, 190 Mich App 526, 529-530; 476 NW2d 439 (1991).

Moreover, the trial court cannot change custody simply because defendant failed to comply with the trial court's orders. See *Kaiser v Kaiser*, 352 Mich 601, 604; 90 NW2d 861 (1958) ("Changing custody of the daughter is not the proper means for enforcing the courts decree or punishing the mother for contempt for its violation."). For example, in *Bylinski v Bylinski*, 25 Mich App 227, 228; 181 NW2d 283 (1970),[10] the plaintiff, who was awarded custody of the minor children, repeatedly refused to permit the defendant, who was awarded specific parenting time, to visit the children. After several show-cause orders were entered, the trial court determined that the plaintiff was in contempt of court, and the contempt order provided for a change of custody. *Id*. On appeal, this Court returned custody of the children to the plaintiff, explaining:

> The contempt order having been entered because of failure to comply with a lawful court order, the only punishment available to the court was fine or imprisonment. The trial court, therefore, could not order a change of custody as a punishment for contempt. Furthermore, no hearing was held focusing on issues of whether the mother was fit to have continued custody of the children, the fitness of

---

[9] Additionally, while the September 14, 2022 order granted plaintiff temporary legal and physical custody of CC upon defendant's arrest, it did not specifically provide that custody of CC would be returned to defendant upon her release from jail or when plaintiff's temporary custody would end.

[10] While opinions of this Court issued prior to November 1, 1990, are not binding, they may considered persuasive authority. *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012); MCR 7.215(J)(1).

the father to have their custody, and whether the best interests of the children required a change of custody.  [*Id*. at 229 (citation omitted).]

Similarly, the trial court in this case erred by changing custody of CC without making any of the required findings under the Child Custody Act.

## C.  SEVEN-DAY RULE

Lastly, defendant argues that the trial court erred when it issued an order under the seven-day rule, MCR 2.602(B)(3), nearly two years after the trial court's oral ruling on November 16, 2020.  However, this issue has been rendered moot by our decision to reverse the September 14, 2022 order finding defendant in contempt and awarding temporary custody to plaintiff, and we therefore decline to address it.  See *TM v MZ*, 501 Mich 312, 317; 916 NW2d 473 (2018).

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates